EFF-ESS, INC., Respondent, *v.* THE NEW YORK EDISON COMPANY, Appellant.*

First Department, December 21, 1932.

*Charles I. Taylor* of counsel [*Thomas H. Beardsley* with him on the brief; *Beardsley & Taylor*, attorneys], for the appellant.

*Jay Leo Rothschild* of counsel [*Louis Rivkin* with him on the brief; *Israel & Schuhmann*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff corporation operates a restaurant. It brought this action to recover damages claimed to have resulted because defendant cut off all supply of electric current without notice and made it impossible for plaintiff to continue its business.

At the trial the stoppage of the supply of electric current was conceded. Sufficient evidence of loss of business to the plaintiff was adduced to support the amount of the verdict.

Defendant pleaded by way of confession and avoidance that the stoppage of service was justified because plaintiff had been stealing electric current by tampering with the meter. The substantial issue on this appeal is whether this defense was established. This question is presented to us by an alleged error made by the learned

* Revg. 144 Misc. 724.

trial justice in refusing to charge concerning this defense, " that the existence of a condition showing that an electric meter has been interfered or tampered with is presumptive evidence that the person to whom electricity is at the time being furnished by or through such meter with intent to defraud created or caused to be created with reference to such meter such condition."

This request was based on the claim by defendant that it was entitled to the advantage of the presumption provided for in section 1431-a of the Penal Law. Section 1431 of the Penal Law makes it a crime to alter or tamper with an electric light meter. Section 1431-a reads as follows: " The existence of any of the conditions with reference to meters, or attachments described in section fourteen hundred and thirty-one of this article is presumptive evidence that the person to whom gas, electricity, water or steam is at the time being furnished by or through such meters or attachments has, with intent to defraud created or caused to be created with reference to such meters or attachments, the condition so existing." The learned trial court interpreted this statute to mean " that where a person has committed any of the acts specified in section 1431, then section 1431-a makes the circumstances themselves presumptive evidence of an intent to defraud. However, where proof that a person has committed any of the acts enumerated in section 1431 is lacking, section 1431-a can have no application to such person."

This interpretation is unjustified and nullifies the effect of the statute. The only proof required to make section 1431-a applicable is " the existence of any of the conditions with reference to meters * * * described in section fourteen hundred and thirty-one * * *." That the meter under consideration here had been tampered with to the advantage of this plaintiff was established beyond question. Accordingly, the instruction requested should have been given. The error was material since the court charged that there was no direct evidence connecting the plaintiff with the meter. Direct evidence was supplied by force of the statutory presumption.

Defendant is, therefore, entitled to a new trial unless plaintiff's contention that the statute creating this presumption is unconstitutional is sound. The test laid down by the Supreme Court of the United States to be applied in considering whether a statutory presumption violates due process of law has been stated in *Manley* v. *Georgia* (279 U. S. 1, 5) as follows: " State legislation declaring that proof of one fact or a group of facts shall constitute *prima facie* evidence of the main or ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be

inferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law. *Mobile, J. & K. C. R. R.* v. *Turnipseed,* 219 U. S. 35, 43. A *prima facie* presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates. A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the Fourteenth Amendment. *Bailey* v. *Alabama,* 219 U. S. 219, 233, et seq. Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty or property. ' * * * it is not within the province of a Legislature to declare an individual guilty or presumptively guilty of a crime.' *McFarland* v. *American Sugar Co.,* 241 U. S. 79, 86." The statute which was being considered in *Manley* v. *Georgia (supra)* was criticised, among other reasons, because in that case the presumption created extended to the *corpus delicti* as well as to the responsibility of the accused. The court concluded that the statute was bad because " the connection between the fact proved and that presumed is not sufficient. Reasoning does not lead from one to the other. *Hawes* v. *Georgia,* 258 U. S. 1, 4." (Id. 7.)

The question for consideration, therefore, is whether on the facts of this case there is sufficient connection between what was shown on the trial and the statutory inference to be made therefrom.

The crime to which the presumption is applied is " interference with gas or electric meters." This, to adopt the language of the court in *Manley* v. *Georgia (supra),* constitutes the "*corpus delicti.*" In the establishment of this the presumption has no part. It must be established by common-law proof. The presumption is limited in its application to the responsibility of the individual. That there is " a rational connection between what is proved and what is to be inferred " by this statute is too clear to admit of serious question. The inference which the statute (Penal Law, § 1431-a) permits is that the subscriber is chargeable with guiltily having procured this condition.

It seems to us that this is an inevitable inference resulting from the fact that the subscriber is the only party who could possibly benefit from tampering with the meter. The subscriber is in effect the receiver of the stolen current. At common law an inference of guilt attached to the possession of stolen goods without explanation (*Goldstein* v. *People,* 82 N. Y. 231; 5 Wigm. Ev. [2d ed.] § 2513, and cases there cited.) In *Goldstein* v. *People (supra)* the court in its opinion (at p. 235) said: " The crime of larceny had been com-

mitted. The thieves had parted with its fruits, and if found in the prisoners' possession there was no unfairness in calling upon them for an explanation, and in its absence attributing their silence to guilt, in receiving the property with knowledge of the theft. * * *."

There is no difference in principle in charging a man with guilty possession in whose custody one's property is found a short time after a robbery from similarly charging a subscriber who has consumed current which concededly has been stolen and not paid for. A similar inference was held proper in *People* v. *Adams* (176 N. Y. 351). We see no reason for holding this statute unconstitutional.

It is urged in any event that the presumption refers only to criminal cases and has no application to civil suits. It is sufficient answer to this to say that since it is a defense to a charge of wrongfully removing the meter that the plaintiff has stolen current, it necessarily follows that the proof to support the charge of theft may be the same as that which would establish it in a criminal case. There the crime must be proved beyond a reasonable doubt. If the presumption is sufficient for that purpose, *a fortiori*, it must be sufficient to establish a *prima facie* defense in a civil action which need be demonstrated only by a preponderance of the evidence.

The point raised that the plaintiff did not show that it was a subscriber was properly left to the jury and there was abundant evidence to establish its adoption of the contract made on its behalf by the individual.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., O'MALLEY and SHERMAN, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). The court properly refused to charge section 1431-a of the Penal Law. The presumption set forth therein is unreasonable. There was no rational connection between what was proved and what the court and jury were asked to infer. That section must be read in conjunction with section 1431 of the Penal Law. When so read the proof must in some way connect a defendant with the condition of the meter. (*People* v. *Mancuso*, 255 N. Y. 463; *Manley* v. *Georgia*, 279 U. S. 1, 5.)

If this section is to be taken literally, a person to whom gas, electricity, water or steam is furnished through a meter which has been tampered with, when the meter erroneously records too small an amount, is presumed to be guilty of fraud. The consumer to whom the gas or other commodity is being furnished, may have no incentive to tamper with the meter for the reason that he may be

paid for such service by a tenant or other person who would be the only one having an incentive to alter the condition of the meter.

The meter in this case was not in the basement or cellar, but was in a public hallway where any one might have tampered with it. There are many conditions here present which make this presumption unreasonable.

I, therefore, vote for affirmance of the judgment.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.