CAPITOL CAB CORPORATION, Plaintiff, *v.* JOHN W. ANDERSON, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, January 19, 1949.

*Joseph P. Axler* for plaintiff.

*Edward H. McAloon* for defendant.

LORETO, J. The plaintiff moves for reargument and on said reargument for a denial of defendant's motion for a mistrial. The question raised is whether the statement of plaintiff's attorney and his questions relative to the consultation by defendant's trial counsel with excluded witnesses during a court recess was improper and prejudicial.

In granting the motion for a mistrial the court stated in its written opinion:

"During the trial and at the conclusion of the case, the defendant moved for a mistrial. Decision was reserved on that motion. It was based on remarks made by the plaintiff's attorney before the jury reflecting on the propriety of the conduct of the defendant's trial counsel and his assistant in speaking to the defendant's witnesses in the court corridor during a recess. The defendant contends that those statements were improper, and conveyed to the jury the impression that his conduct was sinister and that the defendant's witnesses were thereby influenced to give untruthful testimony.

" The case presented a sharp issue of fact regarding who had the right of way at the intersection where the collision occurred by reason of the condition of the traffic light. The witnesses for each party testified that the traffic light was in his favor. The defendant had a greater number of witnesses than the plaintiff on this point. This issue was close and hotly contested.

" It is therefore difficult to conclude, irrespective of whether the defendant's trial counsel and his assistant had a right to speak to his witnesses under the circumstances mentioned, that the incident and the statements of plaintiff's counsel regarding the same, may not have swayed the jury to discredit those witnesses.

" In the exercise of the court's discretion, the court is of the opinion that the motion for a mistrial should be granted in the interest of justice."

The plaintiff's attorney now contends that the court erred in law and in fact in directing a mistrial. He argues that the defendant's attorney violated the court's order excluding the witnesses from the courtroom in conversing with them during the recess, and consequently he had the right to call the incident to the attention of the court and jury; and moreover, the jury in its deliberations did not consider the incident at all.

In reconsidering the question here presented, the court has been aided by the fine briefs submitted by the able attorneys on both sides. Neither they nor the court has found any case passing squarely on the particular point involved. Therefore, the court has examined the history and the purpose of the rule of exclusion of witnesses. Wigmore in his treatise on Evidence (Vol. 6, [3d ed.], § 1838) states, " The process of sequestration consists merely in preventing one prospective witness from being taught by hearing another's testimony ". It dates back to ancient days. The importance of obtaining the testimony of each witness to an occurrence not suggested or colored by the testimony of other witnesses, is apparent and well recognized (*Philpot* v. *Fifth Ave. Coach Co.,* 142 App. Div. 811).

Although there is a diversity of opinion as to whether sequestration is demandable as of right or may be granted only in the trial court's discretion, the New York and the Federal courts have adopted the latter view (*Friedman* v. *Meyers,* 14 N. Y. S. 142; *Oliver* v. *United States,* 121 F. 2d 245).

Of necessity, what practical measures should be taken to enforce the rule is dependent upon various factors, such as, the purpose sought to be effected, the facilities of the court-

house and court officers, the personal needs of the witnesses, the length of time the sequestration is desired, etc. Therefore, " Under varying conditions, the rigor of the rule in these details may no doubt be relaxed in the trial Court's discretion." (Wigmore on Evidence [3d ed.], § 1840, and n. 8, p. 361.)

As to what consequence should follow the violation of the court's order of exclusion is a point on which the authorities differ. Some courts bar the witness from testifying; others, in determining whether the witness should be disqualified, consider whether the order was knowingly disobeyed and whether the proposed testimony would be important (Wigmore on Evidence [3d ed.], § 1842, pp. 365, 366, 370).

In any event, the disobedience of the court's direction in conversing with witnesses is relevant and is a proper subject of comment bearing on the credibility of the witness (Jones, Commentaries on Evidence [2d ed.], § 2501; Richardson on Evidence [7th ed.], § 541, p. 502). This appears to be the New York rule (*Friedman* v. *Meyers, supra*).

To what extent these rules should be applied to a situation as here presented, where the attorney or his trial assistant consults with excluded witnesses during a court recess, is not clear. No New York case on this point has been found. In a few jurisdictions, it appears that consultation with witnesses was allowed with the court's consent and under such supervision as the court deemed appropriate. Wigmore (§ 1840; p. 362) states: " Whether an *attorney* in the cause *may consult* with a sequestered witness has been the subject of some difference of opinion; the possibilities of abuse by unscrupulous persons (and by hypothesis there is about to be perjury, *i.e.* the rule is most needed for unscrupulous persons) are certainly great; and it seems clear, first, that it may not be done without leave of Court, and, secondly, that it may be done only aloud and in the presence of a court-officer; an honest attorney can hardly object to such regulations." (See citations n. 11 under this section.)

In the absence of any New York authority on this point, this court is of the opinion that in the circumstances here presented, the defendant's trial attorney was not precluded from speaking with the excluded witnesses. And the court is further of the opinion that the better practice is, permit his adversary to call the incident, if objection is raised, to the attention of the court, however, in the first instance, apart from the jury for such action as the court might deem appropriate, thereby

not influencing the jury in its determination of the issues of the case by remarks relating to a collateral matter; and in any event, his adversary should have the right to interrogate witnesses regarding the occurrence of the corridor consultation with the attorney or the trial attorney's assistant, leaving the extent to which such examination should be allowed in the sound discretion of the trial judge.

However, in view of the sharp question of credibility presented in this case, the court remains of the opinion that the plaintiff's attorney's statement of the incident together with his opponent's answer, carried a strong and highly prejudicial imputation of wrongdoing, which, in the court's opinion, may have unjustly influenced the jury in arriving at its verdict, and, therefore, warranted the granting of a mistrial. And the court further believes the unwarranted impression created on the minds of the jury might not have been eradicated by any instructions on the matter.

There is one other point raised by the plaintiff as to this motion, which should be noted. In support of his motion for reargument, he has submitted the statements of three of the trial jurors to the effect that the jurors in their deliberations did not comment on nor give any consideration to the incident referred to nor to the statements made by plaintiff's attorney claimed to be prejudicial. Plaintiff's attorney therefore urges that the trial court's ruling was erroneous in fact as well as in law. In its determination of this motion the court has not considered the jurors' statements. For the reasons that their affidavits or unsworn statements may not be received to impeach or attack their verdict (*Dalrymple* v. *Williams*, 63 N. Y. 361, 363; *People* v. *Sprague*, 217 N. Y. 373, 381) they may not be used to sustain it.

Accordingly, the motion for reargument is granted and upon the reargument the determination heretofore made is adhered to.