76 N.J. Super. 594 (1962)
185 A.2d 227
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BARBARA VAUGHNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1962.
Decided November 5, 1962.
*596 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Arthur E. Dienst argued the cause for appellant.
Mr. C. William Caruso, Legal Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney; Mr. Caruso of counsel and on the briefs).
The opinion of the court was delivered by LEONARD, J.S.C. (temporarily assigned).
This is an appeal from a judgment of the Essex County Court adjudicating defendant guilty of being a disorderly person under N.J.S. 2A:170-26.
The controversy herein arose out of a fight between defendant and Louise Tucker, both of whom were tenants in a three-story house in Newark. Louise Tucker and her family occupied the first floor, while defendant and her husband occupied the second floor. On February 3, 1961, at a point about half way up the stairway between their respective apartments, the altercation ensued and continued up the stairway and into defendant's apartment. A detailed recital of the respective factual contentions of each will serve no useful purpose. Suffice to say, that each testified that the other was the aggressor in the assault.
Originally, each complained against the other for disorderly conduct in the Municipal Court of Newark, charging assault and battery, and both were found guilty. Both appealed and obtained a trial de novo in the County Court. After a plenary hearing thereon, defendant was found guilty and Louise Tucker not guilty.
*597 Defendant urges three grounds for reversal. The first is that her constitutional and statutory rights were violated by (a) the failure of the official County prosecutor to prosecute; (b) the manner in which defendant was forced to testify against herself; and (c) the assertion by the State of contradictory positions in the trial below.
At the trial de novo before the County Court, counsel for defendant, as well as opposing counsel, expressly consented to the consolidation of the two complaints for trial, and to the prosecution of each by private counsel of the respective complainants. Pursuant to this consent, defendant first took the stand and presented her complaint against Louise Tucker; she and her witnesses testified on direct examination in response to her own attorney's questions and then answered, without objection, the cross-examination of opposing private counsel. Thereafter, Louise Tucker and her witnesses were heard on her cross-complaint and then cross-examined by defendant's private counsel. An assistant county prosecutor was present during the entire trial. When he attempted to supplement the cross-examination of Mrs. Tucker, defendant's trial attorney objected and insisted that by agreement of the parties only private counsel were to represent the State. The trial court sustained the objection.
Defendant contends that R.R. 3:10-10(d) and R.R. 3:10-13(c) provide that in all appeals thereunder the prosecuting attorney shall be the county prosecutor (emphasis added). That the rule so provides cannot be disputed. Plaintiff contends that the rule does not apply herein because this was an appeal from a conviction of being a disorderly person and not from a conviction of a crime. We do not agree with plaintiff's argument on this point. R.R. 3:10-1 pertains to reviewing a judgment of conviction in "a criminal cause or proceeding." Disorderly conduct is a minor offense, quasi-criminal in essence and subject to the procedural rules governing criminal prosecutions. State v. Labato, 7 N.J. 137, 150 (1951). An appeal to the County *598 Court from a municipal court conviction for disorderly conduct is controlled by R.R. 3:10 et seq., etc. See City of Passaic v. Passaic County, 54 N.J. Super. 254, 259 (App. Div. 1959). Thus, we conclude that this rule contemplates that the county prosecutor or his assistant shall prosecute all such appeals and that the practice of allowing private counsel to prosecute the same is improper. However, in the instant matter, defendant not only consented thereto but vigorously opposed an attempt of the assistant prosecutor to participate in the proceedings. A careful review of the record herein fails to disclose any evidence of prejudice to defendant by reason of the course pursued, and in our judgment it would be unjust to permit her to undermine her conviction on appeal by recourse to an irregularity she actively and knowingly participated in at trial. Defendant relies upon People on the complaint of Jackson v. Schildhaus, 8 Misc.2d 8, 169 N.Y.S.2d 693 (Mag. Ct. N.Y.C.). That case is distinguishable from the present one because therein defendant at the trial objected to the attorney for the prosecuting witness acting as the prosecutor.
There is no merit in defendant's contention that she was forced to testify against herself by reason of the consolidation and that the State asserted contradictory positions at the trial de novo. As heretofore stated, she expressly consented to the trial procedure employed. She was not forced so to do. As her counsel stated to the court, it was done to expedite the disposition thereof. The State's position was that both defendants were guilty of assault and battery; it could have tried each separately. Each party was given ample opportunity to furnish all possible evidence to support the guilt of the other and to sustain her own innocence. Either could have declined to testify had she desired to assert the privilege. We repeat that while we disapprove the procedure here employed, defendant has failed to demonstrate any evidence of prejudice by the pursued course.
Defendant further contends that the court below committed plain error in finding her guilty, and that the finding *599 of fact of the court below was against the weight of the evidence and plainly unjustified by that evidence. The verdict of a court, sitting without a jury, will not be set aside as against the weight of the evidence unless it convincingly appears that it has no support in the proofs. State v. Fleckenstein, 60 N.J. Super. 399, 408 (App. Div. 1960). Without here reviewing the conflicting evidence, we unhesitantly determine that there was sufficient competent substantial evidence before the county court to support its finding of defendant's guilt. Therefore, it is not necessary for us to weigh the evidence, State v. Matchok, 14 N.J. Super. 359, 360 (App. Div. 1951), or to make new factual findings, State v. Dantonio, 18 N.J. 570, 575 (1955).
Defendant argues that her right of privacy to her home was invaded by Mrs. Tucker; that defendant had a right to protect the same and need not have retreated and therefore, that defendant could not properly be found guilty of assault and battery. The testimony of Mrs. Tucker and her witnesses was that defendant pulled her by the hair up the stairway and into defendant's kitchen. The credibility of the testimony is for the trial court to assess. State v. Zelinski, 33 N.J. 561, 567 (1960). That court accepted Mrs. Tucker's version of the happening.
Under all the circumstances herein, we find no "plain error."
Affirmed.