125 N.J. Super. 218 (1973)
310 A.2d 116
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM R. WILLIAMSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1973.
Decided October 11, 1973.
*219 Before Judges COLLESTER, LYNCH and MEHLER.
Mr. Joseph C. Doren, attorney for appellant (Mr. Laszlo Zacharias, Jr., of counsel and on the brief).
Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney for respondent (Mr. Frederick J. Kalma, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant appeals his convictions for reckless driving and leaving the scene of an accident following a trial de novo on the record in the county court.
As grounds for reversal he contends that (1) the County Court judge erred in limiting his counsel to a 15-minute argument; (2) he erred in disregarding inconsistencies and contradictions of the State's witnesses and in allowing improper questions and responses which were used as a basis for convicting defendant; (3) he erroneously embodied intent in finding defendant guilty of leaving the scene of an accident, and (4) the municipal court judge erred in denying a defense request for sequestration of witnesses.
The County Court judge did not abuse his discretion in limiting the time allowed counsel for argument inasmuch as the judge indicated that he had already read the transcript. Moreover, counsel failed to object to the time limit imposed by the judge.
At the outset of the trial in the municipal court defendant requested that witnesses be sequestered. His request was denied. While a timely motion for sequestration of witnesses should ordinarily be granted, State v. Di Modica, 40 N.J. 404 (1963), the rule is not so hard and fast that *220 it must apply in all circumstances. Under varying conditions the rigor of the rule may be relaxed in the trial court's discretion. 6 Wigmore on Evidence, § 1840 at 361. See also, Capitol Cab Corp. v. Anderson, 194 Misc. 21, 85 N.Y.S.2d 767, 769-770 (Mun. Ct., City of New York, 1949), aff'd 197 Misc. 1035, 100 N.Y.S.2d 39 (Sup. Ct. 1950), where the court noted that
Of necessity, what practical measures should be taken to enforce the rule [as to sequestration] is dependent upon various factors, such as, the purpose sought to be effected, the facilities of the court-house and court officers, the personal needs of the witnesses, the length of time the sequestration is desired, etc.
Even though we do not know what facilities and personnel were available at the municipal court where this case was tried, we are aware that facilities and staff are generally limited in a municipal court. Accordingly, sequestration should not be required as a matter of course, on request, in traffic court cases, and was not allowable as of right in this case. Moreover, we find no abuse of discretion and no prejudice. See State in the Interest of W.O., 100 N.J. Super. 358 (App. Div. 1968).
The remaining grounds urged for reversal by defendant essentially raise various matters relating to the sufficiency of the evidence to sustain the convictions. We are satisfied, upon a review of the record, that the verdicts could reasonably have been reached on sufficient credible evidence. See State v. Johnson, 42 N.J. 146 (1964).
Affirmed.