148 N.J. Super. 235 (1977)
372 A.2d 612
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENJAMIN CURTIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1977.
Decided February 25, 1977.
*236 Before Judges CARTON, KOLE and LARNER.
Mr. Harvey H. Gilbert argued the cause for appellant (Messrs. Gilbert, Gilbert & Schlossberg, attorneys).
*237 Mr. Daniel A. Swick, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General, attorney).
Mr. William L. Roughton, Jr., Assistant Deputy Public Advocate, argued the cause for Mr. Stanley C. Van Ness, Public Advocate, as amicus curiae.
Mr. Robert O. Brokaw argued the cause for Jersey Central Power & Light Company, as amicus curiae (Mr. John G. Graham, attorney).
The opinion of the court was delivered by LARNER, J.A.D.
Defendant was convicted in the Rockaway Township Municipal Court of the disorderly persons offense of tampering with an electric meter, in violation of N.J.S.A. 2A:170-64. In a de novo trial on the record in the Morris County Court he was again found guilty.
Defendant's appeal is addressed solely to the constitutionality of a provision of the foregoing statute which permits the existence of certain conditions relating to the electric meter and its wiring to constitute "presumptive evidence" that the person to whom the electricity is furnished has created or caused the creation of the prohibited act with intent to defraud. Since this statutory evidence rule was a factor in defendant's conviction, he contends that the presumption is unconstitutional and the conviction should be set aside.
The Public Advocate and the Jersey Central Power & Light Company argued as amici curiae, the former attacking the constitutionality of the act and the latter supporting its validity. The question of the constitutionality of the presumption created by this statute has not been determined in any reported opinion since its adoption in 1938.
For the purpose of clarity it is appropriate to set forth the statute verbatim:
*238 Any person who, without permission or authority, connects or causes to be connected by wires or other devices, any meter erected or set up for the purpose of registering or recording the amount of electric current supplied to any customer by any vendor of electricity within this state, or changes or shunts the wiring leading to or from any such meter, or by any device, appliance or means whatsoever tampers with any such meter so that the meter will not measure or record the full amount of electric current supplied to such customer, is a disorderly person.
The existence of any of the conditions with reference to meters or attachments described in this section is presumptive evidence that the person to whom electricity is at the time being furnished by or through such meters or attachments has, with intent to defraud, created or caused to be created with reference to such meters or attachments, the condition so existing; provided, however, that the presumption shall not apply to any person so furnished with electricity for less than 31 days or until there has been at least 1 meter reading. [N.J.S.A. 2A:170-64]
The creation of statutory presumptions in aid of the State in criminal and quasi-criminal prosecutions is not uncommon as a tool of fairness and convenience in the trial process. In the main it is based upon the rationale that, in the context of human experience, "proof of fact B (the proved fact) establishes a presumption of the truth of fact A (the presumed fact)." See Doe v. Trenton, 143 N.J. Super. 128, 131 (App. Div.), certif. granted 72 N.J. 466 (1976).
Such statutory presumptions have been considered by the United States Supreme Court and the New Jersey Supreme Court in the context of other offenses. See Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); State v. Humphreys, 54 N.J. 406 (1969); State v. DiRienzo, 53 N.J. 360 (1969); State v. Lewis, 93 N.J. Super. 212 (App. Div. 1966). The significant test of constitutionality under due process is whether the particular factual inference permitted by the statute can be said to be a rational one based upon human experience. As delineated by the United States Supreme Court in Leary v. United States, supra:
*239 [A] criminal statutory presumption must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. [395 U.S. at 36, 89 S.Ct. at 1548, 23 L.Ed.2d at 82]
The same standard of constitutionality was expressed by our Supreme Court in State v. DiRienzo, supra, in affirmative terms to the effect that "it must be more likely than not that the facts proven point to the fact inferred." 53 N.J. at 376. If it cannot be said with substantial assurance that the presumed fact is "more likely than not" to flow from the proved fact, the statutory inference or presumption must be stricken as an arbitrary unconstitutional invasion of due process. See Doe v. Trenton, supra.
In applying the foregoing test to the legislation under consideration herein we note that the electricity consumer is presumptively considered the participant in the prohibited conduct with intent to defraud only if the conditions are such as described in the first paragraph of the statute. The conditions therein consist of affirmative acts of tampering with the electric meter or its wiring or equipment by means designed to affect the ability of the meter to measure or record the full amount of current supplied to the customer. Thus where the evidence establishes directly or circumstantially such affirmative conduct, it may be inferred that the customer participated therein. Conversely, if the evidence points to accidental damage or malfunction of the meter because of the impact of the elements or other nontampering causes, the statutory inference does not come into play.
In view of the preconditions to the application of the inference it is our conclusion with substantial assurance that it is more likely than not that the customer participated in the tampering resulting in the failure of the meter to record fully the current supplied to that customer, with the fraudulent *240 intent of depriving the electric utility of the proper compensation for its service. Such an inference is rational when tested by human conduct and experience, for the only person who would usually be motivated to tamper with a meter is the one who would profit financially from such tampering.
It is apparent that the 1938 amendment creating the presumption was adopted by the Legislature because of the practical impossibility of proving by direct evidence the actual participation of the consumer in the illegal activity. This legislative determination of the reasonableness of the presumption is in itself entitled to some weight in the judicial assessment of its constitutionality. See Leary v. United States, supra, 395 U.S. at 38, 89 S.Ct. at 1549, 23 L.Ed.2d at 82; United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Brown v. Heyman, 62 N.J. 1, 10 (1972); State v. DiRienzo, supra, 53 N.J. at 381.
Conceivably a case may arise where the meter is tampered with by a vandal having no ostensible profit motive and which results in the failure of the meter to record the full amount of electric current. Nevertheless, this possibility does not affect the constitutional validity of the statutory inference, which is not dependent upon its rationality as an absolute verity in every instance. It is rather dependent upon a substantial degree of probability that the inference more likely than not is appropriate in the light of human experience. For that very reason it is not significant whether the meter is located inside or outside the premises of the customer or whether it is installed in a single or multiple-family dwelling. The inference nevertheless continues to be reasonable and may be given greater or lesser weight by the fact finder, depending upon the particular circumstances involved in the case.
It should be emphasized in this connection that the statutory terminology of "presumptive evidence" merely has the effect of permitting an inference to be drawn from the *241 established facts that another fact exists without the necessity of proof of the inferred fact. It does not mandate guilt. Nor does it obviate the fundamental burden of the State to prove the elements of the offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); United States v. Gainey, supra, 380 U.S. at 70, 85 S.Ct. at 759, 13 L.Ed.2d at 664; State v. DiRienzo, supra, 53 N.J. at 376-377.
Similarly, despite the permissive inference a judge where appropriate may direct the entry of a judgment of acquittal, and a judge or a jury may acquit in the exercise of the factfinding function. All the normal accoutrements of the burden of proof in a criminal or quasi-criminal prosecution prevail, together with the basic right of a defendant to an acquittal where the State has failed to sustain the burden of proof beyond a reasonable doubt, whether it be by a factual determination of the factfinder or by a determination as a matter of law by the judge. See State v. Humphreys, supra, 54 N.J. 406.
The New Jersey statutory provision under consideration was patterned upon substantially similar language in the parallel provision of the New York Penal Code, § 1431A in effect in 1938, subsequently amended without change in substance by N.Y. Penal Law, § 165.15(5) (McKinney 1975).[1] The constitutionality of this New York statutory prototype was sustained in Eff-Ess, Inc. v. New York Edison Co., 237 App. Div. 315, 261 N.Y.S. 126 (App. Div. 1932).
Although appellant's brief is addressed to the abstract legal issue of the constitutionality of the statutory presumption, *242 it is nevertheless imperative that we consider whether the facts in the record warranted the application of the presumption rule and the finding of guilt by the County Court. The statutory inference "can have no probative force independent of the factual context in which it is applied." State v. Humphreys, supra, 54 N.J. at 413.
The testimony reveals that the meter reader of Jersey Central Power & Light Co. went to the home of defendant on August 11, 1975 to read the electric meter which was located on the exterior of the building. He found the meter to be in an inverted position, "upside down" from the normal. He read the meter and reported to the company the reading and condition in which he found it. As a consequence, on August 12 two other employees of the company went to defendant's home to investigate. They also saw the meter in an inverted position with the retaining ring and the seal missing.
As a result of a conversation with defendant's wife, she entered the garage and returned with the meter ring in her hand. One of the company employees thereupon turned the meter to its upright position, placed the retaining ring around it and placed a new seal thereon.
There was also testimony to the effect that the inversion of the meter makes it run backwards with a consequent reduction in the number of recorded kilowatt hours. And the accounting supervisor of the company established that there was a sharp decrease of recorded electricity consumption during August 1975 as compared with the similar period of the prior year.
Defendant denied touching or tampering with the meter and in fact denied ever seeing the meter ring in the garage. He also testified generally as to vandalism in the neighborhood. Defendant's wife also testified. She corroborated what transpired when the company employees came to the house and stated that the Curtises had never been delinquent in the payment of electric bills. She did not know how the meter ring came to be inside the garage.
*243 From the foregoing it is clear that there was sufficient evidence of physical tampering with the meter by a means or device which retarded the measurement of the full amount of current supplied to defendant. Proof of this condition, together with the persuasive evidential fact of finding the meter ring in defendant's garage, amply supports the application of the "presumptive evidence" rule of the statute as a reasonable inference from the testimonial facts. And for the same reasons, the finding of guilt below is beyond the realm of appellate interference because it is based on sufficient credible evidence. State v. Johnson, 42 N.J. 146, 160 (1964); State v. Williamson, 125 N.J. Super. 218, 220 (App. Div. 1973), certif. den. 64 N.J. 511 (1974); State v. Vaughner, 76 N.J. Super. 594, 599 (App. Div. 1962).
Affirmed.
NOTES
[1] The Statement annexed to the New Jersey Assembly Bill 563 (1938), which was passed by the Legislature as the amendment under consideration herein, reads in part:

The proposed amendment is the same as section 1431A of the Penal Code of New York State as amended by the laws of 1926.
Its constitutionality has been passed upon by the New York Appellate Courts. * * *