■ VELMA B. McDONOUGH, Respondent, v STEPHEN F. McDONOUGH, Defendant, and PAUL I. GOLDSTEIN, Appellant.—In a matrimonial action in which plaintiff moved, *inter alia,* for a substitution of attorneys, plaintiff's former counsel appeals from an order of the Supreme Court, Nassau County, dated October 29, 1979, which, *inter alia,* limited his award of counsel fees to $1,500. Order affirmed, without costs or disbursements. In our view the amount awarded as counsel fees by Special Term was not inadequate. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ PETER PLACONA, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, and UTILITY WORKERS UNION OF AMERICA, LOCAL 1-2, AFL/CIO, Respondent.—In a proceeding to vacate an arbitrator's award, the appeal is from a judgment of the Supreme Court, Queens County, dated October 2, 1979, which, *inter alia,* granted the application, vacated the arbitrator's award and remitted the matter for a new hearing. Judgment reversed, on the law, without costs or disbursements, and application to vacate the arbitrator's award denied. Petitioner, a Consolidated Edison Company of New York, Inc. (Con Ed) employee and customer, was discharged from his job after it was discovered that the electric meter for his home had been tampered with. The Utility Workers Union of America, Local 1-2 AFL/CIO (the union), filed a grievance on the petitioner's behalf pursuant to the collective bargaining agreement entered into between Con Ed and the union. The grievance proceeded to arbitration and the arbitrator determined that the petitioner's discharge was for sufficient and reasonable cause and dismissed the grievance. Petitioner sought judicial review of the arbitrator's award. Special Term granted the application and vacated the award. We reverse. Petitioner in this consensual arbitration matter, has not demonstrated by clear and convincing proof that the arbitrator was guilty of misconduct or that he "exceeded his power or so imperfectly executed it" (see CPLR 7511, subd [b], par 1, cls [i], [iii]; 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7511.13, 7511.15). Nor is the award completely irrational (see *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). A reading of the record demonstrates that the electric meter for petitioner's home was tampered with and that the electrical consumption was consistently below the norm for the equipment used. In reaching his determination, the arbitrator relied upon the presumption that where a meter is shown to be tampered with, the person to whose house the meter is attached for the purpose of registering usage is presumed to have caused the condition. The arbitrator was well within his power to use the presumption (cf. *Lentine v Fundaro,* 29 NY2d 382, 385) and a rational basis for the arbitrator's conclusion is apparent on this record (cf. Penal Law, § 165.15; *Eff-Ess, Inc. v New York Edison Co.,* 237 App Div 315; *People v Robinson,* 97 Misc 2d 47; but see *People v Thomas,* 95 Misc 2d 289). Failing a conclusion that the award is completely irrational, the determination of the arbitrator must be sustained (see *Rochester City School Dist. v Rochester Teachers Assn., supra).* Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.