JAMES KERNEY, Jr. AND MARY KERNEY KUSER, PLAIN-
TIFFS-RESPONDENTS, v. THOMAS L. KERNEY, JOHN E.
KERNEY AND JAMES KERNEY FOUNDATION, A NEW
JERSEY CHARITABLE CORPORATION, DEFENDANTS-
APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 18, 1963—Decided November 21, 1963.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. Philip J. Albert* argued for the motion (*Messrs. Levy, Levy & Albert,* attorneys for respondent Mary Kerney Kuser; *Mr. Krank S. Katzenbach, III,* attorney for respondent James Kerney, Jr.).

*Mr. Paul T. Murphy* argued against the motion (*Messrs. Crummy, Gibbons & O'Neill,* attorneys for appellants).

The opinion of the court was delivered by

GOLDMANN, S. J. A. D. Plaintiffs-respondents move, on notice to defendants-appellants, for an order to suppress appellants' brief and to dismiss their appeal, for the reasons that (1) the brief is directed solely to those parts of the Chancery Division final judgment from which an appeal was not taken, and (2) the brief does not discuss that part of the judgment from which the appeal was taken.

The judgment in question was entered April 29, 1963. It contained nine numbered adjudications, of which only the first five need be mentioned. They read as follows:

"1. The present and only members of The James Kerney Foundation are Mary Kerney Kuser, Margaret Kerney McNeil, James Kerney, Jr., Thomas L. Kerney and John E. Kerney.
2. Any other persons purportedly elected or acting as members are not validly elected members of the Foundation and are hereby adjudged not to be members of the said Foundation.
3. The present and only trustees of The James Kerney Foundation are Mary Kerney Kuser, Margaret Kerney McNeil, James Kerney, Jr., Thomas L. Kerney and John E. Kerney.
4. Any other persons purportedly elected or acting as trustees are not validly elected trustees of the Foundation and are hereby adjudged not to be trustees of the said Foundation.
5. The amended Certificate of Incorporation and the amended By-Laws of The James Kerney Foundation adopted in 1948 are valid."

Defendants filed their notice of appeal on June 11, 1963. The appeal was a limited one, since the notice stated that defendants were appealing that part of the judgment set out in

paragraphs 1 and 2, just quoted, and which were reproduced in their notice.

The matter was submitted to the trial court on the pleadings, a stipulation of facts, and a supplemental stipulation. These are set out in the printed appendix, together with the transcript of the Chancery Division hearing held April 24, 1963, the oral opinion and decision of the trial judge rendered the same day, and the final judgment. The hearing transcript was filed by the court reporter on April 25, 1963 and refiled on June 14, 1963, after the filing of the notice of appeal. Defendants were therefore required to file their appendix and brief not later than July 14, 1963. *R. R.* 1:7–12(a). They did not do so, nor did they apply for an extension of time under *R. R.* 1:27B.

On October 4, 1963 the deputy clerk, on behalf of this court, mailed counsel a notice of motion to dismiss for failure to prosecute the appeal. The motion was returnable October 14. On that date this court directed that the time within which defendants might serve and file their appendix and brief be extended to October 28, 1963.

The brief now before us lists the following in the "Statement of Questions Presented":

"1. May trustees of an incorporated association be elected without compliance with the Certificate of Incorporation of said association and the By-laws of said association?

2. Where trustees have been elected in a manner not in compliance with the Certificate of Incorporation and the By-laws, is the corporation or any member thereof estopped to challenge their right to continue to hold office?

3. May a corporation amend its Certificate of Incorporation and change its By-laws without complying with the requirements imposed by Statute?"

There is only one point heading, as follows:

"The sole trustees of The James Kerney Foundation are Thomas L. Kerney, James Kerney, Jr. and John E. Kerney; the purported amendment to the By-Laws was void."

The brief discusses only the matters set out in the questions and point heading quoted above. Defendants do not discuss, either expressly or inferentially, the two adjudications which, on the basis of their filed notice of appeal, constitute the sole questions to be determined by this court.

*R. R.* 1:2–8(b), made applicable to the Appellate Division by *R. R.* 2:2–5, provides that in civil causes the notice of appeal "shall designate the judgment or part thereof appealed from." Defendants elected to appeal from only part of the Chancery Division judgment. Having done so, they were bound to argue the first two of the numbered adjudications reproduced above, relating to membership in the James Kerney Foundation. They cannot now (as they attempt to) raise and argue the issue of the trustees of the Foundation, as set forth in paragraphs 3 and 4 of the final judgment. Nor can they raise and argue (as they also attempt) the validity of the amended certificate of incorporation and the amended by-laws of the Foundation adopted in 1948, as adjudicated in paragraph 5 of the final judgment.

It is clear from a reading of the "Statement of Questions Presented" and the single point heading and contents of the brief, that defendants argue matters never raised in their notice of appeal. They ask us to consider altogether different issues—those set forth in paragraphs 3, 4 and 5 of the final judgment from which an appeal has not been taken.

The general rule has been stated to be that on appeal from only part of a judgment the scope of appellate review is ordinarily limited to that part and does not extend to the part not appealed from. See 5 *Am. Jur. 2d,* § 724, *p.* 167 (1962), and cases there cited. Neither our own research nor that of counsel has led to any decisions dealing with the precise point under *R. R.* 1:2–8(b). However, we find rulings under the analogous procedure governing appeals prior to 1948. Before the adoption of our new rules, a petition of appeal from a determination of the Court of Chancery was required to state briefly the order or decree complained of and the grounds of appeal. *Rules of the Court of Errors and Appeals, Rule* 21

(1907 *rev.*). Our former highest court repeatedly stated that an appellant could not be permitted to attack a Chancery decree upon a ground of appeal nowhere stated in his petition of appeal, and refused to entertain any such ground. *New Jersey Building Loan & Investment Co. v. Lord,* 66 *N. J. Eq.* 344, 350 (*E. & A.* 1904); *Supplee v. Cohen,* 81 *N. J. Eq.* 500, 504 (*E. & A.* 1913); *Young v. McLaughlin-Conover Co.,* 111 *N. J. Eq.* 424, 425 (*E. & A.* 1932).

We have here a situation which goes beyond a mere omission to state the grounds for appeal. The notice of appeal states those grounds, but the brief completely ignores them and argues other issues. There is nothing in the brief to which our appellate jurisdiction can attach.

An additional factor may be noted. If the brief were allowed to stand and the appeal to continue, plaintiffs would find themselves confronted with the impossible task of preparing an answering brief on issues not discussed in defendants' brief but raised in their notice of appeal, and of answering issues discussed in their brief but not raised in the notice. Defendants may not force plaintiffs into a position where they are unable to prepare for submission to this court their views on matters which are properly on appeal.

Defendants have had ample time in which to consider and research the law applicable to the narrow issues raised in their notice of appeal. They had almost $4\frac{1}{2}$ months in which to prepare and submit a brief. It was submitted some $3\frac{1}{2}$ months after its due date, and only after this court, on its own motion, noticed a motion to dismiss for failure to prosecute.

Defendants have not requested leave to file an amended notice of appeal. They are not entitled to an extension of time to file another notice, for the time for taking an appeal has long since run.

Since defendants have presented no argument in support of the grounds raised in their notice of appeal, their brief must be suppressed and the appeal dismissed.