120 N.J. Super. 572 (1972)
295 A.2d 385
GEORGE F. KUGLER, JR., ATTORNEY GENERAL OF NEW JERSEY, PLAINTIFF,
v.
BANNER PONTIAC-BUICK, OPEL, INC. A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 28, 1972.
*575 Ms. Joan Holleran Walsack, Deputy Attorney General for the Plaintiff.
Mr. Thomas P. Ford, Jr., for defendant (Messrs. Citrino, Carella, Balsam & Ford, attorneys).
STAMLER, J.S.C.
The question before the court is whether the Attorney General is precluded from bringing a consumer fraud action under N.J.S.A. 56:8-1 et seq. after defendant had been acquitted in municipal court of disorderly persons charges arising out of the same operative facts.
Defendant Banner Pontiac-Buick, Opel, Inc., a New Jersey corporation, is engaged in the business of selling new and used automobiles to the consuming public. Plaintiff, as Attorney General of New Jersey, filed a verified complaint under the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., against defendant. The complaint alleged that defendant had altered the odometer so that the vehicle purchased by a member of the consuming public was represented to have been driven less than 40,000 miles when in actuality the miles were in excess of 75,000. This was the fraud or deceptive practice charged. The relief demanded is: (a) a permanent injunction enjoining defendant from altering true odometer readings in cars thereafter sold or offered for sale to the consuming public; (b) restitution for the defrauded consumer; (c) an order revoking for an appropriate period defendant's motor vehicle dealer's license issued by the Division of Motor Vehicles under N.J.S.A. 39:10-9; (d) an order revoking for an appropriate period defendant's license to operate as a motor vehicle installment seller issued by the Commissioner of Banking in accordance with N.J.S.A. 17:16c 2 and 4; (e) a monetary penalty of $2,000 in accordance with N.J.S.A. 56:8-13, and (f) costs for the State pursuant to N.J.S.A. 56:8-11.
An order to show cause was issued for summary hearing as provided by the Consumer Frauds Act in conformity with *576 R. 4:67-1 et seq. Prior to the return day defendant filed an answer denying the alleged turnback of the odometer and additionally set up three separate defenses. Defendant demanded a trial by jury of 12. On the return day defendant moved to have the order to show cause discharged and the complaint dismissed relying on the separate defenses of res judicata, collateral estoppel and the absence of jurisdiction in this court to enjoin what is asserted to be the violation of a criminal statute.
Prior to the filing of the complaint herein, defendant had appeared in municipal court to answer a charge that it had violated N.J.S.A. 2A:170-50.1 which declares that one who alters an odometer reading on a car is a disorderly person. Defendant was acquitted in municipal court. Plaintiff acknowledges that the activity there complained of arose out of the same operative facts which are now set forth in the case at bar.
If the res judicata plea is tenable, it must be shown that there are identical causes of action.
Defendant was tried in the prior action under a statute which makes it a disorderly persons offense to misrepresent the mileage of a motor vehicle which is offered for sale. Such offense is below the grade of a misdemeanor. Although punishable in a summary manner and quasi-criminal, the procedural rules governing criminal prosecution apply. State v. Vaughner, 76 N.J. Super. 594 (App. Div. 1962). The standard of proof to be carried by the State requires that each element be proven beyond a reasonable doubt. An acquittal, therefore, is only indicative of the fact that the prosecution was unable to meet this high burden of proof as to each and every element of the offense.
Turning now to the cause of action sub judice, the complaint was filed under a separate statute, the Consumer Frauds Act, N.J.S.A. 56:8-1 et seq.
The statement on the bill sets forth clearly the intent of the Legislature:
*577 The purpose of this bill is to permit the Attorney General to combat the increasingly widespread practice of defrauding the public. The authority conferred will provide effective machinery to investigate and prohibit deceptive and fraudulent advertising and selling practices which have caused extensive damage to the public. [L. 1960, c. 39]
The legislative statement recognized a fact of present-day consumer life, namely, that in the ever-expanding area of commercial transactions, the consuming public is exposed and subject to widespread practices of fraud and deception employed by unscrupulous merchants.
Defendant asserts that it is harassed when subject to disorderly persons charges, an administrative action by the Director of the Division of Motor Vehicles, and a consumer fraud complaint.
It is defendant's position that the three separate statutes under which the activity of defendant may be brought into question require that if defendant succeeds in the first action taken, defendant cannot be called upon to answer under either the second or third.
Our Supreme Court has frequently enunciated the general rule of statutory construction that in the absence of clear legislative direction to the contrary, a later statute will not be deemed to repeal or modify an earlier one, but all existing statutes pertaining to the same subject matter "are to be construed together as a unitary and harmonious whole, in order that each may be fully effective." Clifton v. Passaic County Board of Taxation, 28 N.J. 411, 421 (1958) (emphasis supplied).
In Kugler v. Romain, 58 N.J. 522 (1971), the Supreme Court reviewed the salutary purposes of the statute and urged trial courts to liberally interpret the concept of fraud so that the public purpose expressed in the legislative statement might be fully effected. In Kugler v. Koscot Interplanetary, Inc., 120 N.J. Super. 216 (Ch. Div. 1972), Judge Mehler commented upon the obligations of the Attorney General as a plaintiff. The relief demanded under N.J.S.A. 56:8-2 in Koscot was similar to the relief sought *578 herein. In Romain, supra, the Supreme Court, in referring to N.J.S.A. 56:8-8, which authorizes the Superior Court to grant injunctions or revoke licenses, succinctly pointed out that this section, when read together with the act which establishes the Office of Consumer Protection, indicates that "the Legislature intended to confer on the Attorney General the broadest kind of power to act in the interest of the consuming public." The Attorney General is authorized to file a complaint "whether or not any person has in fact been misled, deceived or damaged thereby * * *" (N.J.S.A. 56:8-2). In addition to injunctive relief and power to revoke licenses, trial courts can order: a receiver be appointed (N.J.S.A. 56:8-2); restitution to the person defrauded (N.J.S.A. 56:8-9, 10); allowance of costs for the use of the State (N.J.S.A. 56:8-11); award of a monetary penalty (N.J.S.A. 56:8-13).
The present action is civil in nature and, unlike the municipal court action, requires plaintiff to prove his case only by a preponderance of the evidence. To preclude the State from attempting to meet the lesser burden required in a civil action simply because it did not meet the strict and much higher standard in the prior case would result in undermining the most important aim of the Consumer Fraud Act, the remedial aspect.
The injunction, receivership and revocation remedies are aimed at putting an end to the condemned fraudulent practice; restitution returns the injured consumer to status quo; the monetary penalty and award of costs places the expenses of the proceedings on the shoulders of the perpetrator and not upon the taxpayer, who is a part of the consuming public for whose benefit the statute was enacted.
Defendant places great reliance on Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886). There a judgment in a criminal case acquitting Coffey of evading a tax on distilled liquor was given res judicata effect in an in rem action seeking forfeiture of his distilling equipment. Although Coffey was never expressly overruled, in later *579 years it has been distinguished and criticized on numerous occasions. Professor Moore in 1B Federal Practice, § 0.418 [3], at 2854, cites a number of the critical cases. Most adopt the rationale that penalties or forfeitures are remedial civil sanctions, and are not additional punishment for crime.
In Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), the Supreme Court held that an acquittal of wilfully attempting to evade income tax did not bar the Commissioner of Internal Revenue from proceeding to recover a monetary judgment of additional tax for fraudulently attempting to evade payment of the income tax.
To assist in determining identity of causes of action it is important to note that the State, after the acquittal in municipal court, had no right of appeal. An unsuccessful plaintiff in an action under the Consumer Fraud Act has the right to appeal.
In the recent decision in State v. Ebron, 61 N.J. 207 (decided July 21, 1972), Justice Mountain adopted the United States Supreme Court definition of collateral estoppel:
In Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) the Supreme Court defined collateral estoppel as meaning simply "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit." 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. It went on to hold, for the first time, that the rule of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. Thus a defendant urging collateral estoppel is now projecting an argument of constitutional dimension. Compare State v. Cormier, 46 N.J. 494, 505 (1966).
The key words in the above quotation applicable to the case at bar are "between the same parties."
The Attorney General in our State is responsible for the enforcement of criminal laws through county prosecutors and for proceeding in his name as plaintiff sues under the Consumer Fraud Act.
*580 Although neither the Consumer Fraud Act, nor the statute creating the Office of Consumer Protection in the Division of Law of the Department of Law and Public Safety (N.J.S.A. 52:17B-5.6 et seq.), vests in the Attorney General the exclusive power to act in the area of consumer fraud (Olive v. Graceland Sales Corp., 61 N.J. 182, 185 (1972)), when he sues he sues for a class, the public as a consumer. Riley v. New Rapids Carpet Center, 61 N.J. 218 (1972). In Riley the court noted that the Legislature had "authorized public officials to sue for a class of victims and to restrain further depredations." He also appears as attorney for the Director of Motor Vehicles in administrative actions under Title 39 where the Director seeks to revoke the car dealer's license. To hold that as a prosecutor in criminal matters and as plaintiff in a civil matter, or as attorney for a division of the Executive Branch, such as the Department of Environmental Protection or Division of Motor Vehicles, the Attorney General is the identical party, would serve to emasculate a prodigious number of statutes in which remedial demands for judgment were created by the Legislature. Certainly it could not have been intended that a proceeding in the name of the State by a local prosecutor would forever collaterally stop the Attorney General in an ex rel. action or as legal advisor and attorney to an administrative agency. The door would then be opened for an immunity both under the Disorderly Persons Act by a local prosecutor. In Helvering, supra, the Department of Justice by the United States Attorney prosecuted the criminal case in the name of the United States, and the Commissioner of Internal Revenue was represented by the Department of Justice in the civil action which followed the acquittal.
It is concluded that defendants' motion to dismiss on the grounds of res judicata and collateral estoppel is denied.
*581 Plaintiff seeks final judgment in a summary proceeding as is authorized under N.J.S.A. 56:8-8, and it is therefore appropriate under R. 4:67-1. The answer filed demands a trial by jury of 12. The statute provides that the court may grant injunctive relief and additional remedies, including the revocation of licenses, and may make such orders or judgments necessary to restore to any person money or property wrongfully acquired in violation of the act. In short, the remedies provided in the statute are injunction, restitution and appointment of a receiver, all clearly equitable in nature. No constitutional right exists to a jury trial in equity actions for injunctive relief. United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950). If relief provided is equitable rather than legal in nature, the right to jury does not attach, even if financial restitution is part of the equitable relief available. Nat'l Labor Relations Board v. Jones and Laughlin, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937).
While the Seventh Amendment to the United States Constitution grants a right to trial by jury in suits where the value in controversy exceeds $20, that right is limited to those cases where the right existed at common law. Our State Constitution, Article I, paragraph 9, provides that "the right of trial by jury shall remain inviolate." This constitutional provision was not intended as a grant, enlargement or restriction of the right of trial by jury. It guaranteed jury trials in order to safeguard the right against attrition, either by the Legislature or the courts, in cases where it existed at the time of the adoption of the Constitution of 1776. Steiner v. Stein, 2 N.J. 367 (1949).
The scope and limitations of the constitutional guaranty of right to trial by jury were summarized by Chief Justice Vanderbilt in Steiner:
By article I, paragraph 9, of the Constitution of 1947, "The right of a trial by jury shall remain inviolate." This provision means exactly what it says. Where the right to a trial by jury existed under the Constitution of 1844, the right continues unimpaired under *582 the new Constitution. The constitutional provision does not, however, in anywise affect the practice in the various proceedings at law, such as many kinds of suits in lieu of prerogative writs, or in equity, probate, statutory or administrative proceedings generally of trying issues of fact to the Court without a jury. Wherever an issue of fact was triable without a jury under the Constitution of 1844, it is triable without a jury under the Constitution of 1947. [at 378]
The matter before the court is an action completely unknown to the common law. It arises out of a statute evidencing the Legislature's recognition of the complexities of commercial bargaining in contemporary society and the need for the protection of the consumer.
Defendants are not entitled to a jury trial.
Plaintiff shall submit within ten days an order in conformity with this opinion striking the separate defenses, denying the motion to dismiss and denying a jury trial, consented to as to form or under the five-day rule.
Defendant has annexed to its answer an affidavit of its principal officer. It directly contraverts the affidavits supplied by plaintiff.
Each side should have the opportunity of cross-examination. The trial will be brief. No pretrial conference is necessary. Upon entry of the order, the court will fix an early date for trial.