275 N.J. Super. 166 (1994)
645 A.2d 1210
500 COLUMBIA TURNPIKE ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFF-APPELLANT,
v.
JOHN P. HASELMANN, INTEGRATED MARKETING SERVICE, INC., AND FEIST & FEIST REALTY CORP., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 21, 1994.
Decided July 13, 1994.
*167 Before Judges COLEMAN and SHEBELL.
Alan G. Trembulak argued the cause for appellant (Woods & Trembulak, attorneys; Mr. Trembulak, on the brief).
John R. Holsinger argued the cause for respondent John Haselmann (Litwin & Holsinger, attorneys; Mr. Holsinger, on the brief).
Leonard C. Leicht argued the cause for respondent Feist & Feist Realty Corp. (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Elliott Abrutyn, of counsel; Mr. Leicht, on the brief).
The opinion of the court was delivered by COLEMAN, P.J.A.D.
Plaintiff has appealed the dismissal of a complaint which sought to hold defendants responsible for damages related to a breach of a commercial lease between plaintiff as landlord and Entity Advertising *168 and Graphics, Inc., a New Jersey corporation, (Entity), as tenant. The significant issue raised is whether a party who demanded trial by jury can thereafter waive trial by jury absent consent of counsel for all the parties. We hold that for such a waiver to be effective, consent by counsel for all the parties is required.
In 1987, defendant John Haselmann, as president of Entity, contacted Cathy Cris, a sales representative of defendant Feist & Feist Realty Corp. (Feist & Feist) to locate commercial office space for Entity in Morris County. She located the space and plaintiff and Entity executed a five-year lease on December 2, 1987, for 3,914 square feet at a fixed rental. The lease contained a six-month free rent inducement commencing with the second month. Feist & Feist was paid a commission by plaintiff's managing agent for obtaining the lease. After payment of three months rent, Entity defaulted under the lease by not paying the December 1988 rent. In a letter dated December 30, 1988, Haselmann advised plaintiff that Entity was no longer in business and would vacate the premises "by the end of this year." When Entity vacated the premises, plaintiff filed a complaint in January 1989 for breach of the lease. Plaintiff obtained summary judgment on August 31, 1990, for $167,299.57 for breach of the lease.
During the pendency of the breach of lease litigation, plaintiff discovered that in December 1988, Haselmann asked Cris to help locate new office space for Entity quickly. He told Cris he was unhappy with the location covered by the lease since GMAC moved into the building which was regarded as a "retail operation." Cris was able to assist Haselmann in obtaining a new lease elsewhere. This lease was signed by Haselmann as president of defendant Integrated Marketing Services, Inc. (Integrated) on December 27, 1988, even though its certificate of incorporation was not filed until January 12, 1989. Feist & Feist was paid a commission by the new landlord, Lanadex Corporation and Lanadex Center Corporation. Entity closed down and vacated the *169 plaintiff's property on December 31, 1988. Haselmann reopened the business on January 2, 1989, as Integrated.
Plaintiff instituted the present litigation in July 1990, alleging (1) breach of fiduciary duty and tortious interference with the lease by Feist & Feist, (2) tortious interference by Haselmann and Integrated, (3) Integrated is the "successor corporation" of Entity and is responsible for Entity's debts, and (4) the corporate veil should be pierced and Haselmann made personally responsible for the debts of Entity.
At the conclusion of a two-day non-jury trial, the trial judge rejected the claims and entered judgment for the defendants. In this appeal, plaintiff contends the judge erred in (1) finding Feist & Feist owed no fiduciary duty to plaintiff, (2) concluding that in this case proof of legal fraud had to be established before piercing the corporate veil and (3) allowing Feist & Feist to withdrawn its demand for a jury trial.
We find persuasive plaintiff's contention the trial judge erred when she refused plaintiff's request for a jury trial. It is undisputed that Feist & Feist was the only party to request a jury trial. It demanded "a trial of the issues by a jury of six." After a jury was empaneled, but before any evidence was presented, counsel for Haselmann requested a bench trial on the claims against his client and that a jury trial be conducted as to Feist & Feist. When the judge ruled that all issues would be tried before a jury, counsel for Feist & Feist waived trial by jury for his client. Notwithstanding the judge's statement that counsel for plaintiff had no standing to object, plaintiff's counsel raised an objection. He argued that pursuant to R. 4:35-1(d), once a party has requested a trial by jury, "the jury can only be waived with my consent, with the consent of all the parties in the case." The judge concluded "if you're not a party who has requested a jury, you have no right to demand the jury and your waiver is not required under this rule."
*170 Significantly, the defendants have not argued in their briefs that plaintiff was not entitled to a jury trial. Haselmann and Integrated argue "there was no need for a jury trial in this action." Feist & Feist argue "the denial of plaintiff's request for a jury trial had no bearing on the outcome of this case."
R. 4:35-1(a) provides that "any party may demand a trial by jury on any issue triable of right by a jury...." Subsection b of the rule directs that when demanding a jury trial, "a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all issues so triable." Feist & Feist did not specify any particular issue in its jury demand. Failure to make such specification must be deemed to be a demand for trial by jury on all issues triable by a jury. R. 4:35-1(b). Once it has been determined that there has been a demand for a jury trial on all issues by any party, the waiver provisions of subsection c of the rule cannot be the basis for denying a jury trial to a party who has not demanded such a trial. This point is made clear by the plain language in subsection (d) and the comments thereto.
R. 4:35-1(d) provides that when any party has requested a jury trial in accordance with subsections a and b of this rule, "the trial of all issues so demanded shall be by jury, unless all parties or their attorneys ... consent to trial by the court without a jury...." (Emphasis ours). Although subsection c provides that the failure of any party to serve a demand for trial by jury constitutes a waiver, the comments to the rule states that paragraph d "was amended, effective September 1982, when it appeared that as a result of a technical error, the requirement that `all' parties consent to withdrawal of the demand had not been clearly and unambiguously expressed." Pressler, Current N.J.Court Rules, comment on R. 4:35-1 (1994). We are persuaded, therefore, that once Feist & Feist demanded a jury trial on all the issues, trial by jury could be dispensed with only by consent of all the parties or their counsel.
*171 We are also satisfied that the claims alleged in the complaint of fraud and tortious interference with a lease contract were legal claims. The ultimate objective sought, if the claims can be established, was to establish a basis for imposing a legal obligation upon defendants to pay the breach of lease damages of $167,299.57. Fraud and tortious interference are common law causes of action. Thus, the right to trial by jury on such claims is "inviolate." Article I, paragraph 9, N.J. Const. 1947; Weinisch v. Sawyer, 123 N.J. 333, 342-344, 587 A.2d 615 (1991); Shaner v. Horizon Bancorp, 116 N.J. 433, 446-455, 561 A.2d 1130 (1989). Failure to grant a constitutionally guaranteed right of jury trial is not amenable to the harmless error rule.
We agree with Feist & Feist that the claims against it were not triable before a jury. The issue whether Feist & Feist owed a fiduciary duty to plaintiff is primarily equitable in nature. There is no right to trial by jury on equitable claims. Shaner v. Horizon, supra, 116 N.J. at 449, 561 A.2d 1130; Kugler v. Banner Pontiac-Buick, Opel, Inc., 120 N.J. Super. 572, 581, 295 A.2d 385 (Ch.Div. 1972). Beyond that, counsel for plaintiff stipulated during oral argument that Cris was an agent for Entity and Haselmann prior to execution of the lease which was breached, and the issue whether she owed a fiduciary duty to plaintiff thereafter was purely an issue of law. He stipulated further that his assertion of a duty owing to plaintiff is a novel proposition. Counsel for plaintiff also conceded the tortious interference claim against Feist & Feist is intertwined with the claim of breach of fiduciary duty. We hold that no agency relationship between plaintiff and Feist & Feist was ever created as a matter of law. Consequently, the claim against Feist & Feist was properly dismissed.
Haselmann and Integrated filed a cross-appeal "from the Judgment entered in this action on March 30, 1993, insofar as it denied cross-appellants' attorney fees and expenses claim and from the order entered in this action on March 20, 1992, which denied cross-appellants' motion for summary judgment and for attorney fees and expenses." The judge properly denied recovery *172 under the Frivolous Claim Statute, N.J.S.A. 2A:15-59.1, when he denied summary judgment on March 20, 1992. Cross-appellants were not prevailing parties under that order. Even though they were prevailing parties in the March 30, 1993 Judgment, the claim was denied. We now reverse that judgment as to cross-appellants. Thus, they are not prevailing parties under either N.J.S.A. 2A:15-59.1 or R. 4:46-6.
Even though Haselmann and Integrated have appealed from the denial of their motion for summary judgment in other respects, they have not advanced any argument in their brief in support of that claim. That aspect of the cross-appeal is therefore dismissed. Kerney v. Kerney, 81 N.J. Super. 278, 282, 195 A.2d 476 (App.Div. 1963). See also Whitfield v. Blackwood, 101 N.J. 500, 504, 502 A.2d 1132 (1986) (Clifford, J., concurring).
We affirm the dismissal of the complaint against Feist & Feist. We reverse the judgment entered in favor of Haselmann and Integrated. We remand the matter to the Law Division to conduct a jury trial on the legal fraud and tortious interference alleged against Haselmann and Integrated. We find the other issues raised by plaintiff to be clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.