284 N.J. Super. 555 (1995)
665 A.2d 1145
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
KEVIN VONDERFECHT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 1995.
Decided October 24, 1995.
*556 Before Judges MICHELS, BAIME and KIMMELMAN.
John Kaye, Monmouth County Prosecutor, attorney for appellant (Mark P. Stalford, Assistant Prosecutor, of counsel, and on the letter brief).
Eugene J. Melody, attorney for respondent (Mr. Melody, on the brief).
The opinion of the court was delivered by KIMMELMAN, J.S.C. (temporarily assigned).
The State appeals, pursuant to leave granted by this court, from an order of the Law Division suppressing evidence (a controlled dangerous substance (CDS)) found on defendant as a result of a warrantless search. We agree with the State's position and reverse.
There does not appear to be any dispute as to the underlying facts. On August 4, 1994, just before 10:00 p.m., an Asbury Park police officer observed the defendant with an unknown female behind an apartment building located in what was known to the police as a high-rate drug area. Defendant and the female then entered the rear entrance of the apartment building which had a "No Trespassing" sign posted above the doorway. They emerged moments later with defendant walking south on the adjoining street and the female running away towards a nearby motel. The officer approached defendant and asked his name and whether he *557 was visiting anyone in the apartment complex. After defendant gave his name and address, but stated he was not visiting anyone in the complex, the officer arrested defendant for trespassing, handcuffed him, and transported him to the police station. Once at the station, in conformity with Asbury Park police procedure, defendant was processed and searched. When the search revealed five pieces of aluminum foil which contained cocaine, defendant was issued a summons for possession of cocaine and for the petty disorderly persons offense of defiant trespass, in violation of N.J.S.A. 2C:18-3b(2), in that he entered "upon the premises of 301 Fourth Avenue knowing that he was not license [sic] of [sic] privilege [sic] to do so, where signs were posted as prescribed by law for no trespassing which would come to the attention of all intruders."[1]
Defendant was thereafter indicted for possession of a CDS contrary to N.J.S.A. 2C:35-10a(1). His motion to suppress evidence of the CDS found on his person was granted. The motion judge found that the police did not have the authority to arrest an individual for a petty disorderly offense. Consequently, the CDS seized incident to the arrest which was found to be unauthorized was ordered suppressed.
The validity of the warrantless station house inventory search which revealed cocaine in defendant's possession turns on the validity of his arrest. See State v. Hurtado, 219 N.J. Super. 12, 23, 529 A.2d 1000 (App.Div. 1987) (Skillman, J.A.D. dissenting), rev'd on dissent, 113 N.J. 1, 549 A.2d 428 (1988). Unlike Hurtado, where the arrest was for violation of a municipal ordinance prohibiting littering which did not involve a breach of the peace, here, the arrest was made of a disorderly person although the offense charged was graded as "petty" in terms of its legislative description.
*558 The starting point to determine the arresting authority of a police officer is N.J.S.A. 40A:14-152. The statute provides in pertinent part: "The members and officers of a police department and force, within the territorial limits of the municipality, shall have all the powers of peace officers and upon view may apprehend and arrest any disorderly person or any person committing a breach of the peace." N.J.S.A. 40A:14-152 (emphasis added).
A careful reading of that section indicates: (1) that the offenses must have occurred "upon view" of the arresting officer and (2) that the offender was a disorderly person or (3) was committing a breach of the peace. The arresting power is not confined or limited to only a disorderly persons offense. That specific phrase is absent from the statute's wording. Rather the arresting power is directed towards any person who is disorderly or as the language specifically says "any disorderly person." In other words, it is the conduct of the offender which triggers the power to arrest and not the legislative name of the offense.
To be sure, when N.J.S.A. 40A:14-152 (L. 1971, c. 197, § 1) was enacted, no distinction was made in the law as to a disorderly persons offense and a petty disorderly persons offense. All such offenses were described by use of the generic term disorderly although penalties for a disorderly persons offense varied depending upon the relative gravity of the particular offense involved. Before the 1978 advent of the New Jersey Criminal Code, all disorderly persons offenses were set forth in N.J.S.A. 2A:170-1 to -103 but the Legislature did not then grade disorderly persons offenses into instances where the word "petty" was used to describe some offenses. All of those sections were repealed by the enactment in 1978 of the New Jersey Criminal Code. See N.J.S.A. 2C:98-2. However, N.J.S.A. 40A:14-152 was left intact. In our view, its wording is sufficiently broad to authorize the arrest of any person whose conduct is disorderly, whether petty or otherwise.
The statutory phrase used in N.J.S.A. 40A:14-152, "any disorderly person," does not focus upon the relative seriousness of the *559 underlying disorderly persons offense nor does it focus upon the relative penalty which might be meted out to the disorderly person if convicted. As pointed out above, the only focus is upon the conduct of the offenders. To now limit the authority of a police officer to arrest only for full-blown disorderly persons offenses and to exclude petty disorderly persons offenses would be to engraft on the statute a distinction neither contemplated nor intended by the Legislature when it left N.J.S.A. 40A:14-152 extant upon adoption of the New Jersey Criminal Code, N.J.S.A. 2C:1-1 to 2C:98-4.
The Legislature is presumed to be familiar with its own enactments and to have passed them with the intention that they be construed to serve a useful and consistent purpose. State v. Federanko, 26 N.J. 119, 129, 139 A.2d 30 (1958). As a consequence, N.J.S.A. 40A:14-152 necessarily must be read together with the New Jersey Criminal Code to produce a harmonious scheme so that each may be fully effective. Tung-Sol Electric, Inc. v. Board of Review, 35 N.J. Super. 397, 401, 114 A.2d 285 (App.Div. 1955); Kugler v. Banner Pontiac-Buick, Opel, Inc., 120 N.J. Super. 572, 577, 295 A.2d 385 (Ch.Div. 1972).
According to the New Jersey Criminal Code, the only distinction now made regarding a person who is disorderly is at the time of sentencing. A person convicted of a disorderly persons offense may be sentenced to imprisonment for a term not to exceed six months and to pay a fine not to exceed $1,000 whereas a person convicted of a petty disorderly persons offense may be sentenced for a term not to exceed thirty days and to pay a fine not to exceed $500. See N.J.S.A. 2C:43-8; N.J.S.A. 2C:43-3c and 2C:43-3d.
Had the Legislature intended to limit the scope of an arresting officer's authority when the New Jersey Criminal Code was enacted and the offense of "petty disorderly person" was created, we must assume they would have done so. See State v. Dalglish, 86 N.J. 503, 512, 432 A.2d 74 (1981); Arnone v. Murphy, 153 N.J. Super. 584, 595, 380 A.2d 734 (Law Div. 1977). N.J.S.A. *560 40A:14-152 remained in effect and we must interpret and enforce it as its plain, clear, and unambiguous language dictates. See State v. Sutton, 132 N.J. 471, 479, 625 A.2d 1132 (1993) (citing State v. Maguire, 84 N.J. 508, 528, 423 A.2d 294 (1980) and State v. Butler, 89 N.J. 220, 445 A.2d 399 (1982)). The statute must be construed as a whole with reference to the criminal laws of this State of which it is a part and its plain wording will not be fragmented. See State v. Brown, 22 N.J. 405, 415, 126 A.2d 161 (1956).
In short, the defendant, in the view of the arresting officer, at the time in question, was a disorderly person. It was not the officer's province or obligation under the exigencies of the decision to arrest, to pause and reflect upon the relative punishment the offense might warrant. The officer's immediate concern was whether the conduct of the defendant was or was not disorderly. Accordingly, the warrantless search, made at police headquarters following the arrest, was proper. See State v. Patino, 163 N.J. Super. 116, 394 A.2d 365 (App.Div. 1978), aff'd, 83 N.J. 1, 414 A.2d 1327 (1980); State v. De Lorenzo, 166 N.J. Super. 483, 400 A.2d 99 (App.Div. 1979).
For the foregoing reasons, the order of suppression of evidence was in error.
Reversed.
NOTES
[1] From our reading of the record, the defendant could just as well as have been arrested for the offense of unlicensed entry of structures, which is a disorderly persons offense pursuant to 2C:18-3a.