995 A.2d 841

IRON MOUNTAIN INFORMATION MANAGEMENT, INC., A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-APPELLANT, v. THE CITY OF NEWARK, DEFENDANT-RESPONDENT, AND THE MUNICIPAL COUNCIL OF THE CITY OF NEWARK, THE CENTRAL PLANNING BOARD OF THE CITY OF NEWARK AND CITY OF NEWARK HOUSING AUTHORITY, DEFENDANTS.

Argued December 1, 2009—Decided May 19, 2010.

---

*William J. Ward* argued the cause for appellant (*Carlin & Ward,* attorneys; *Mr. Ward* and *John J. Carlin, Jr.,* of counsel; *Mr. Ward, Mr. Carlin,* and *Scott A. Heiart,* on the briefs).

*Bradley M. Wilson* argued the cause for respondent (*Nowell Amoroso Klein Bierman,* attorneys).

PER CURIAM.

Plaintiff Iron Mountain is a long-term commercial tenant operating a document storage and retrieval business in a building on Edison Place in Newark, which is owned by an unaffiliated entity, the Berkowitz Company. In 2004, the Municipal Council of the City of Newark adopted a resolution authorizing the Planning Board to investigate whether a group of properties within a twenty-four acre zone, including the building in which plaintiff is a tenant, qualified as blighted pursuant to the Local Redevelopment and Housing Law (LRHL), *N.J.S.A.* 40A:12A–1 to –49.

Following publication of a notice of the hearing and proper and sufficient service of that notice by mail on the building's owner, *N.J.S.A.* 40A:12A–6(b)(3), the Planning Board held a public hearing to address whether the target area was blighted, *N.J.S.A.* 40A:12A–6(a). After the hearing, the Planning Board concluded that the target area met the applicable criteria for a blight designation. To effectuate that conclusion, on June 28, 2004, the Planning Board adopted its resolution recommending that the City Council designate the target area, including the property leased to plaintiff, as blighted. Thereafter, the City Council adopted a resolution, on July 14, 2004, approving the Planning Board's recommendation and designating the blighted area as the "Downtown Core Redevelopment Area." That City Council resolution also directed that a redevelopment plan for the blighted area be drafted.

On August 16, 2004, the Planning Board held another public hearing to consider the proposed redevelopment plan, after which it recommended adoption of the plan by its August 25, 2004, resolution. On October 6, 2004, the City Council passed an ordinance approving the Redevelopment Plan and, on the same day, it separately adopted a resolution appointing the Housing Authority to serve as the redevelopment agency.

Plaintiff filed its complaint in lieu of prerogative writs on November 22, 2004, in which it sought to challenge both the initial July 14, 2004, blight designation and the subsequent October 6,

2004, approval of the Redevelopment Plan. The trial court granted the City's motion to dismiss plaintiff's challenge to the blight designation, reasoning that it was untimely because it was filed more than forty-five days after the July 14, 2004 City Council resolution approving the Planning Board's recommendations for the blight designation. *See R.* 4:69–6(a). Although as part of that ruling, the trial court preserved plaintiff's right to challenge the Redevelopment Plan itself, it eventually became apparent that the complaint was directed solely to the underlying blight designation, rather than to the proposed redevelopment plan. As a result, the trial court dismissed the complaint in its entirety.

Plaintiff's appeal primarily focused on the assertion that its status as a long-term commercial tenant amounted to a protected interest in the property that entitled it to the same notice that the LRHL affords to the property's owner, *see N.J.S.A.* 40A:12A–6(b)(3), and that the failure of the Planning Board to provide it with actual notice barred dismissal of its complaint. In the alternative, plaintiff argued on appeal that the trial court had abused its discretion in refusing, under these circumstances, to expand the forty-five day time period for filing its complaint, *see R.* 4:69–6(c) (authorizing expansion of time "where it is manifest that the interest of justice so requires").

The Appellate Division affirmed in a published opinion, *Iron Mountain Info. Mgmt., Inc. v. City of Newark,* 405 *N.J.Super.* 599, 966 *A.2d* 62 (App.Div.2009), that addressed the questions raised by engaging in a due process analysis, *see Mathews v. Eldridge,* 424 *U.S.* 319, 96 *S.Ct.* 893, 47 *L.Ed.2d* 18 (1976) (adopting three-part test for due process). As a part of that analysis, the panel considered the implications, for notice and due process purposes, of a commercial tenant's right to participate as a party in an eventual eminent domain proceeding, *see Iron Mountain, supra,* 405 *N.J.Super.* at 617–18, 966 *A.2d* 62 (analyzing requirements of *N.J.S.A.* 20:3–11 and *R.* 4:73–2).

The panel's opinion, however, also included a discussion about an earlier appellate decision, *see Harrison Redevel. Agency v.*

*DeRose*, 398 *N.J.Super.* 361, 942 *A.*2d 59 (App.Div.), *certif. denied*, 196 *N.J.* 87, 951 *A.*2d 1040 (2008), that addressed an entirely different question. *See Iron Mountain, supra*, 405 *N.J.Super.* at 613–14, 966 *A.*2d 62. That is, whereas this appeal is about who is entitled to actual notice, the *DeRose* panel focused on the corollary question of what information the statutory notice given to a property's owner must include in order to avoid a potential constitutional infirmity of the LRHL, *see DeRose, supra*, 398 *N.J.Super.* at 367–68, 942 *A.*2d 59. As a result, although discussed, the decision in *DeRose* was not the basis on which the panel affirmed the judgment of the trial court. Instead, the panel, after weighing the requisite due process considerations, concluded "that neither the federal nor state Constitution affords plaintiff the right to individual notice at the blight designation stage." *Iron Mountain, supra*, 405 *N.J.Super.* at 619, 966 *A.*2d 62.

We granted plaintiff's petition for certification, 199 *N.J.* 517, 973 *A.*2d 385 (2009), and although the petition identified two issues, in reality there is but a single question that we must resolve. As we see it, the only question before this Court is whether a long-term commercial tenancy, with a limited right of first refusal, amounts to a protected interest in the property that is equivalent to the building owner's interest in the property that is subject to a potential blight designation. The answer to that question, in turn, will determine whether plaintiff has an interest that entitles it to the same notice accorded to the building's owner under the LRHL when the building is within the proposed redevelopment area and, therefore, proposed to be designated as blighted, *see N.J.S.A.* 40A:12A–6(b)(3).

On that limited question, we affirm the judgment of the Appellate Division for substantially the reasons expressed in Judge Baxter's published opinion. That is, we concur in the panel's reasoning that the Legislature intended, in the blight designation context, to limit the right to actual notice, *see N.J.S.A.* 40A:12A–6(b)(3), "to owners of record and those whose [names] are listed on the tax assessor's records," *Iron Mountain, supra*, 405 *N.J.Super.*

at 619, 966 *A*.2d 62 (citing *State v. Vonderfecht,* 284 *N.J.Super.* 555, 559, 665 *A*.2d 1145 (App.Div.1995)), and that, based upon the facts presented, plaintiff was not deprived of any due process protection afforded by our state or federal Constitution. *Ibid.* That reasoning is unassailable and disposes of this appeal in its entirety. Therefore, we need not address, and we express no view on, plaintiff's additional assertions or the Appellate Division's discussion concerning them.

As modified, the judgment of the Appellate Division is affirmed.

*For affirmance as modified*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA-SOTO and HOENS—7.

*Opposed*—None.