**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5310-17T2

PATRICIA FALCONITE,

     Plaintiff-Appellant,

v.

ZELINDA DAROCI and
ROBERT DAROCI,

     Defendants-Respondents,

and

WEICHERT REALTORS,
CATHERINE DIFIORE, ANTHONY
PALUMBO, and TROCHIANO AND
PALUMBO, LLP,

     Defendants.

_____

          Argued October 16, 2019 – Decided October 25, 2019

          Before Judges Fisher and Accurso.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3539-07.

David A. Parinello argued the cause for appellant (Law Office of Howard S. Teitelbaum, LLC, attorneys; David A. Parinello, of counsel and on the brief).

Michael Desmond Fitzgerald argued the cause for respondents (Michael Desmond Fitzgerald, of counsel and on the brief).

PER CURIAM

Plaintiff Patricia Falconite (the buyer) filed this action in 2007 – well over a decade ago – in the Chancery Division, alleging defendant Zelinda Daroci (the seller), the seller of the residential property plaintiff contracted to buy, failed to disclose the presence of a sizeable drainage easement across the property. After nine years of litigation in the trial court – presided over by six different judges – we reversed a summary judgment entered in the seller's favor and remanded for trial. Falconite v. Daroci, No. A-0876-14 (App. Div. Apr. 15, 2016). Following our remand, the matter was finally resolved after a two-day bench trial. In his written findings, the judge determined that seller made no material misrepresentation about the easement and, a fortiori, buyer breached the contract by refusing to close; the judge awarded $31,653.80 in compensatory damages in seller's favor on her breach-of-contract counterclaim.

Buyer appeals.[1] She claims: (1) the adverse ruling on her equitable fraud claim was against the weight of the evidence; (2) she was deprived of a right to trial by jury on the seller's counterclaim; (3) she was entitled to rescission of the contract because of the absence of a lead paint disclosure statement; and (4) the judge's computation of damages was erroneous. We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only a few comments on each.

In responding to the buyer's first point, it suffices to invoke our standard of review, which requires deference to a trial judge's findings of fact when they are supported by credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-84 (1974). The buyer has offered no principled

---

[1] The order under review includes a provision that authorized the seller to seek fees pursuant to Rule 4:58, the offer of judgment rule. We were told at oral argument that seller made such an application but buyer's notice of appeal was filed before the judge could rule, thereby depriving the trial court of jurisdiction. See R. 2:9-1(a). The outstanding offer of judgment issue leaves us with an appeal from an interlocutory order. This circumstance should have been brought to our attention by way of either a motion to dismiss the appeal or a motion for a limited remand for that last issue's disposition. See Gordon v. Rozenwald, 380 N.J. Super. 55, 64 n.2 (App. Div. 2005). Notwithstanding the lack of finality, we could sua sponte dismiss the appeal, as is our prerogative. See Grow Co., Inc. v. Chokshi, 403 N.J. Super. 443, 459-60 (App. Div. 2008). But, because the matter was fully briefed, has now been argued, and is otherwise ready for disposition, we exercise our discretion to rule on the appeal's merits at this time. See Caggiano v. Fontoura, 354 N.J. Super. 111, 125 (App. Div. 2002). We feel particularly so compelled because of this case's undue longevity.

reason for second-guessing the experienced and able trial judge's findings of fact or his credibility findings.

The second point requires a longer explanation. As noted, the matter was commenced in the Chancery Division. Early on, a chancery judge entered an order that preserved the status quo by prohibiting movement of the contract deposit and by restraining seller's transfer of the property in question; he later lifted the restraint on the transfer of the property. That judge retired and another chancery judge transferred the action to the Law Division even though buyer's equitable claim remained undecided.

The buyer had not demanded a jury trial of any legal issues contained in her complaint. The seller, however, in filing an answer and counterclaim, did make such a demand. Once a jury trial demand has been included in a party's initial pleading or asserted within the following ten days, R. 4:35-1(a), any other party has the right to insist on a trial by jury of legal issues even if that party did not make the demand in its pleading, R. 4:35-1(d). So, the buyer is correct that she had a right to insist upon a trial by jury of any legal issues notwithstanding her failure to demand that right in her pleadings. See 500 Columbia Tpk. Assocs. v. Haselmann, 275 N.J. Super. 166, 170 (App. Div. 1994).

But it is also true that the right to trial by jury does not extend to equitable claims even if legal claims are joined to the action. A jury trial demand in a case with claims based in both law and equity requires a determination as to whether the claims are separable or intertwined; if they are intertwined, then the court must determine whether the equitable claims or the law claims predominate. Sun Coast Merch. Corp. v. Myron Corp., 393 N.J. Super. 55, 85-86 (App. Div. 2007); Boardwalk Props., Inc. v. BPHC Acquisition, Inc., 253 N.J. Super. 515, 527-28 (App. Div. 1991). This determination must be made with "a sensitive regard for the right to trial by jury," Lyn-Anna Props., Ltd. v. Harborview Dev. Corp., 145 N.J. 313, 329-30 (1996), but, when the equity claim predominates, the judge may decide subordinate law claims without empaneling a jury.

There is little question but that buyer's claim for rescission – which sounded in equity – was the predominant issue; had buyer succeeded, the seller's breach-of-contract counterclaim would have been eviscerated. By the same token, the buyer's failure to prove that equity claim essentially compelled a finding that she breached the contract, thereby entitling the seller to damages. So, even though the judge rejected the demand for a jury trial for

5

different reasons, we conclude that the refusal to empanel a jury was the proper course.[2]

In her third point, the buyer argues that an earlier motion judge erred in denying summary judgment on the rescission claim because of seller's failure to provide a lead paint disclosure statement required by 42 U.S.C. § 4852d.[3] The motion judge held that even if there was such a failure, it would not compel a voiding of the contract because Congress declared that "nothing" in these federal laws "shall affect the validity or enforceability of any sale or contract for the purchase and sale or lease of any interest in residential real property . . . nor shall anything in this section create a defect in title." 42 U.S.C. § 4852d(c). At best, these regulations provided the buyer with a private cause of action for monetary relief. 42 U.S.C. § 4852d(b)(3). See also Smith v. Coldwell Banker Real Estate Servs., 122 F. Supp. 2d 267, 268-69 (D. Conn. 2000). Because the buyer asserted these federal authorities as a basis for seeking a holding that the contract was void and not for monetary relief, this third argument lacks merit.

---

[2] The record also reveals that in 2012 a different judge granted an in limine motion and ordered that there be a bench trial. The buyer never sought review of that order in her first appeal, so the argument raised in this appeal may be deemed waived or abandoned. See Silviera-Francisco v. Bd. of Educ., City of Elizabeth, 224 N.J. 126, 141 (2016).

[3] This motion was filed after our remand but prior to trial.

The buyer's fourth and last argument concerns the trial judge's fixing of damages on seller's breach-of-contract counterclaim. The judge's award of damages first included the difference ($24,810) between the purchase price that buyer had agreed to pay and the lesser amount for which the property later sold. The judge also included an award emanating from seller's continued ownership of the property after the date on which the buyer should have closed (March 16, 2007) and prior to the date the closing with a third party occurred (June 29, 2007); this aspect included seller's payment of utilities, landscaping, and that part of the mortgage payments seller made in the interim that covered the interest accruing on that debt. Buyer does not quarrel with any of these aspects of the award.

Instead, buyer argues it was "unfair" for the judge to assess those parts of seller's mortgage payments that included the payment of principal; she claims this part of the award provided seller with a double recovery. We disagree. Seller was not compensated more than once because the price paid by the later purchaser for the residence was used to pay off only that part of the principal that remained outstanding at that time; in other words, if the principal amount owed on the mortgage was $100,000 at the time the buyer should have closed but $99,000 by the time it later closed, it would have been the seller that paid down the mortgage by $1000, not the later buyer. In short,

we conclude it was reasonable for the trial judge to award compensation to the seller to the extent she unnecessarily paid down the mortgage during those three intervening months.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5310-17T2