NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1465-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NASIR A. FINNEMAN,

     Defendant-Appellant.

> **APPROVED FOR PUBLICATION**
>
> **March 22, 2018**
>
> **APPELLATE DIVISION**

Submitted December 12, 2018 – Decided March 22, 2019

Before Judges Alvarez, Nugent, and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Municipal Appeal No. 32-15.

Ryan Anderson argued the cause for appellant.

Linda A. Shashoua, Assistant Prosecutor, argued the cause for respondent (Mary Eva Colalillo, Camden County Prosecutor, attorney; Linda A. Shashoua, of counsel and on the brief).

The opinion of the court was delivered by

ALVAREZ, P.J.A.D.

On September 18, 2015, defendant Nasir A. Finneman was found guilty of the petty disorderly persons offense of harassment, N.J.S.A. 2C:33-4(c).

During the municipal court hearing, he was represented by a public defender. See Municipal Public Defender Law, N.J.S.A. 2B:24-1 to -17. On his appeal de novo to the Law Division, Rule 3:23-8(a)(2), defendant was assigned a first, then a second, pro bono attorney. Both successfully petitioned the court to withdraw. As a result, the conviction was affirmed in the absence of any counsel, or in fact, any argument by anyone on defendant's behalf. We now reverse.

The underlying facts are not necessary to the disposition of this appeal. It is necessary, however, to describe the trial de novo record regarding the assignment of counsel, and the final hearing. Defendant's first assigned attorney alleged that defendant wanted him to raise issues in violation of the Rules of Professional Conduct (RPC). The attorney added that he had "no prior experience in state-law criminal matters." Defendant was not given notice of the hearing at which his first attorney was relieved of the assignment.

The second attorney sought to withdraw because defendant refused to meet with her in either her larger Philadelphia office or the courthouse, and she claimed she did not feel comfortable conferring with him in her small New Jersey office. The judge did not propose that counsel then and there discuss the case with defendant, or otherwise explore counsel's application. She too was relieved.

Defendant, who had been noticed and was present in the courtroom, said he did not understand the reason his second attorney did not want to meet with him, suggesting perhaps it was the volume of his voice over the cell phone. Defendant also complained that Sheriff's officers followed him "around the courthouse and . . . did bad things to [him]." He added that they used "excessive" force on him even though he was disabled, they did not assist him, and that they "all work[ed] together[.]" He did not say he wanted to represent himself.

On the last page of the nine-page transcript of this proceeding, presumably after the judge left the bench, defendant asked: "[n]ow what about counsel? He's going to assign me to counsel or I have to[.]" His attorney responded: "I would believe that he would assign you new counsel then." Defendant asked if he has to sign something, and the prosecutor responded that the clerk will provide him with a signed order, but did not "know if [the court was] going to assign [counsel] or not."

The next and final hearing was scheduled some three months later. Defendant told the judge that he spoke to someone in the clerk's office after the earlier hearing and was advised that he would be assigned counsel, or that someone from the public defender's office would represent him. The prosecutor interjected that it was her understanding that defendant "at that

3

point . . . was going to proceed on his own."  Additionally, the prosecutor pointed out that defendant missed the deadline for filing written submissions in support of his appeal.

Defendant denied having conflicts with either counsel.  He did not understand why his second attorney withdrew, or why he was not notified of the hearing date for his first attorney's withdrawal.  He told the judge that he had never said he wanted to represent himself and that he did not "have the education at law to represent [him]self."  When the judge said that he was ready to address the matter, defendant tried to object.  The judge went on to say that defendant was "unable to get along with counsel and the two counsel have withdrawn, and I'm going to decide the case."

The judge made findings of fact and law, and summarily found defendant guilty.  He sentenced defendant to a thirty-day suspended sentence, probation for six months, and required him to undergo a psychiatric evaluation and comply with recommendations for treatment.  He also imposed monetary penalties including a $150 fine under N.J.S.A. 2C:43-3, and refused to stay the sentence.  The sole point of error defendant raises on appeal is the court's failure to assign him a new attorney for purposes of the trial de novo in the Law Division.

It has long been the law in this State that indigent defendants are entitled to representation in matters having consequences of magnitude, such as in this case. See R. 3:23-8(a)(4); Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971). We do not minimize the difficulty experienced by attorneys obligated to perform this public service, or stint the praise to which they are entitled for doing so. See Parkell v. Danberg, 833 F.3d 313, 320 n.1 (3d Cir. 2016) ("Lawyers who act pro bono fulfill the highest service that members of the bar can offer to indigent parties and to the legal profession."). That the two lawyers struggled with the representation is understandable.

Nonetheless, this defendant never expressed an interest in representing himself. See State v. Harris, 384 N.J. Super. 29, 59-60 (App. Div. 2006). As a result, the court should have taken additional steps before so promptly relieving second counsel. Defendant's objections to the meeting place notwithstanding, had he been presented with the choice of either conferring in the courthouse, or some other venue where counsel would be comfortable, or foregoing the right to counsel, he may have been willing to compromise. The court responded to the lawyer's complaints without reviewing with defendant the effect withdrawal would have on defendant's case. Trial judges have great discretion in controlling their courtroom, and the manner in which they

conduct proceedings, but not at the expense of a citizen's constitutional right to counsel.

Defendant was not even present when his first attorney withdrew. That lawyer represented that his client wanted him to act in violation of the RPC. Therefore, the judge properly granted the application. See RPC 1.16(a)(1) (a lawyer shall withdraw if "the representation will result in violation of the [RPC] or other law[.]"); RPC 1.16(b)(2) (a lawyer may withdraw if "the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent[.]"). But the attorney's lack of experience was not a meritorious argument. The pro bono assignment system works because counsel assigned to represent indigent defendants familiarize themselves with the relevant area of the law, and make every good faith effort possible to competently represent the client to the best of their ability, or obtain replacement counsel to do so. See Madden v. Delran, 126 N.J. 591, 607-08 (1992). Certainly, defendant should have had notice of the proceedings.

During the hearing regarding his second attorney, defendant expressed irrational fears of courthouse personnel. That should have resulted in increased focus on defendant's understanding of the process and his mental state. The judge did not consider it at all. In essence, the judge instead found

6

defendant waived or forfeited his right to an attorney without extending any procedural safeguards.

Before granting a defendant's request to represent himself and waive his right to counsel, trial courts must ascertain whether the defendant "understands the nature and consequences of his waiver." State v. Reddish, 181 N.J. 553, 594 (2004). This, at the very least, requires the trial court to: 1) inform defendant of the charges, defenses, and the potential sentencing; 2) inform defendant of the risks and problems with self-representation; 3) explain defendant's obligation to follow "the applicable rules of procedure and evidence as would a licensed attorney[;]" and 4) "specifically advise . . . defendants that it would be unwise not to accept the assistance of counsel." State v. King, 210 N.J. 2, 18 (2012) (citing State v. Crisafi, 128 N.J. 499, 509-12 (1992)). That inquiry did not occur, no doubt because defendant did not ask if he could represent himself or otherwise attempt to waive his right to counsel.

A defendant can also conduct himself so as to forfeit representation. But this defendant should not have been found to have forfeited his right to representation. His conduct was not so extreme. Only in cases of "extremely serious misconduct" should an indigent defendant be deprived of the right to counsel. United States v. Leggett, 162 F.3d 237, 250 (3d Cir. 1998) (quoting

7

United States v. Goldberg, 67 F.3d 1092, 1102 (3d Cir. 1995)) (defendant forfeited his right to counsel by physically attacking his attorney); see also United States v. McLeod, 53 F.3d 322, 325-26 (11th Cir. 1995) (defendant forfeited his right to counsel by verbally abusing and threatening to harm counsel). Here, defendant allegedly asked his first attorney to engage in improper conduct—but that issue was discussed in his absence and he did not have the opportunity to explain himself. Defendant did nothing more than allegedly raise his voice on the phone before his second attorney moved to withdraw. Neither of defendant's attorneys ever claimed there had been physical or verbal abuse by defendant. Defendant's conduct was not equivalent to a forfeiture.

Furthermore, when defendant returned to court three months after the discharge of his second attorney, he claimed he had been advised that he would receive something in the mail regarding the appointment of a third attorney. The judge either disbelieved him or did not consider defendant's misapprehension a sufficient basis for further delay. Without inquiring as to whether defendant had any argument he wished to make, or asking defendant if he wanted the opportunity to submit something in writing explaining the reasons he thought the municipal court judge had erred, the judge rendered his decision. Due process required more.

8

The Supreme Court recently reiterated that trial judges are vested with great discretion in exercising control over their courtrooms, and have "the ultimate responsibility of conducting adjudicative proceedings in a manner that complies with required formality in the taking of evidence and the rendering of findings." N.J. Div. of Child Prot. & Permanency v. A.B., 231 N.J. 354, 366 (2017) (quoting N.J. Div. of Youth & Family Servs. v. J.Y., 352 N.J. Super. 245, 264 (App. Div. 2002)). That discretion, however, includes the obligation to ensure a litigant's point of view is heard. In this case, the judge failed to explain to the litigant the consequences that were about to be visited upon him regarding the appointment of counsel. The judge then failed to allow defendant the opportunity to be heard about the merits of his case. This was a mistaken application of a judge's discretion to control his courtroom.

In a different context, the Supreme Court has said: "[t]he importance of counsel in an accusatorial system such as ours is well recognized." Rodriguez, 58 N.J. at 295. "[A]s a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost." Ibid.

Accordingly, we remand the matter for a new trial de novo in the Law Division. Defendant shall have the opportunity to appear with assigned counsel. The conviction is vacated.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1465-16T2