NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-2054-22
              A-2412-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

WONGYU JANG,

      Defendant-Appellant.

_____

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SASHA QUASHIE,

      Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

April 4, 2024

APPELLATE DIVISION

Submitted March 4, 2024 – Decided April 4, 2024

Before Judges Sabatino, Chase, and Vinci.

On appeal from the Superior Court of New Jersey,
Law Division, Essex County, Docket Nos.
MA-2022-006 and MA-2022-016.

RWKD Law, attorneys for appellants (Tamra Dawn
Katcher, of counsel and on the briefs).

Stephen Anton Pogany, Assistant Prosecutor, attorney for respondent (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Stephen Anton Pogany, on the briefs).

The opinion of the court was delivered by

VINCI, J.S.C., (temporarily assigned).

Following a municipal court appeal to the Law Division, defendant Wongyu Jang appeals from a March 2, 2023 conviction for driving while intoxicated ("DWI"), N.J.S.A. 39:4-50; refusal to submit to a breath test, N.J.S.A. 39:4-50.2, -50.4a; and careless driving (agricultural or recreational property damage), N.J.S.A. 39:4-97a. Defendant Sasha Quashie similarly appeals from a March 31, 2023 conviction for DWI; careless driving, N.J.S.A. 39:4-97; and failure to maintain lamps, N.J.S.A. 39:3-66, following a municipal court appeal.

The Law Division did not conduct hearings in these cases in violation of the Rules of Court. We are, therefore, required to reverse their convictions and remand to the Law Division to conduct the appeals in accordance with the Rules of Court and permit the parties a fair opportunity to have the required trial de novo on the merits. Because these matters share common issues of fact and law, we consolidate them solely for the purpose of issuing a single opinion. On remand to the Law Division, the appeals shall be conducted separately.

Jang was convicted and sentenced in Bloomfield Municipal Court. On October 13, 2022, Jang filed a notice of appeal to the Law Division. On March 2, 2023, the court issued an order denying Jang's appeal supported by a written opinion.[1] The court did not schedule or conduct a hearing and did not offer Jang the opportunity to submit a brief in support of the appeal. The court noted it "reviewed the municipal court record and determined no briefs were required." The court based its decision solely on its review of the municipal court transcripts and the police body camera video admitted as evidence in the municipal court trial.

The court "impose[d] the same sentence as the municipal court," but also found "the defendant is entitled to be present and to make a statement before sentence is announced." It continued, "[i]f the defendant wishes to be heard on sentencing . . . he is directed to contact this court by March 15, 2023, to schedule. Otherwise, the accompanying [o]rder shall become final."

On March 7, 2023, Jang filed a motion for a stay pending appeal, arguing the court's failure to conduct a hearing deprived him of his rights to due process and counsel. On March 14, Jang filed a notice of appeal. On April 2, Jang filed a motion for a stay before us, which we granted.

---

[1] On March 3, 2023, the court issued an amended opinion to correct certain non-substantive matters.

On April 13, 2023, the Law Division entered an order denying Jang's motion for a stay supported by a written statement of reasons in which the court addressed the motion and Jang's "claims that [his] due process rights were violated on trial de novo because the court did not hear oral argument before rendering a decision." The court reasoned, "[t]he [n]otice of [a]ppeal makes no request for briefing or oral argument nor asserts any ground for why briefing would be needed." It further noted, "[h]ad argument and briefing been requested, this court would have permitted argument as it always does on request, and if convinced by some showing that a question of law was involved, perhaps briefing."

The court continued:

> [T]he court has wide discretion over the de novo trial and counsel should not expect to brief or argue as a matter of course. . . . It is incumbent upon counsel to make the request and tell the court why briefing is necessary and to request argument if they want it. Of course, even in the absence of such a request, the court may always ask for briefing or argument under the [R]ule. The reverse is not true. Counsel should not expect the court to solicit briefing and argument as a matter of course without some indication from counsel that either or both are sought. If that were the expectation, the Supreme Court would have worded the [R]ule to reflect that.

Jang rejected the court's invitation to be heard on sentencing.

4

Quashie was also convicted and sentenced in Bloomfield Municipal Court. On June 8, 2022, Quashie filed a notice of appeal to the Law Division. On March 31, 2023, the court issued an order denying Quashie's appeal supported by a written opinion. The court did not schedule or conduct a hearing and did not offer Quashie the opportunity to submit a brief in support of the appeal. Again, the court based its decision solely on its review of the municipal court transcripts and the police body camera video admitted as evidence in the municipal court trial. The court "impose[d] the same sentence as the municipal court" and offered Quashie the opportunity "to be heard on sentencing" if she contacted the court by April 14, 2023.

On April 2, 2023, Quashie filed a motion for a stay pending appeal, arguing the court's failure to conduct a hearing deprived her of her rights to due process and counsel. On April 6, the court contacted defense counsel and offered to hear argument on the stay motion "as well as the trial de novo . . . ." Defense counsel declined that invitation because "the court . . . already rendered a decision without defendant's being represented by counsel . . . ." On April 13, the court entered an order denying Quashie's motion for a stay supported by a statement of reasons substantially identical to that appended to the order denying Jang's motion. This appeal followed.

On April 28, 2023, the court submitted amplification letters in both cases forwarding the April 13 orders and adding in each case "when counsel objected to the court's decision, the [defendant] was offered argument and declined."

On appeal, Jang raises the following point for our consideration:

> POINT I
>
> THE COURT BELOW VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS BY ENTERING A SUA SPONTE ORDER WITHOUT PARTICIPATION OF DEFENDANT, DEFENSE COUNSEL, OR THE STATE.

Quashie raises the following points for our consideration:

> POINT I
>
> THE COURT BELOW VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS BY ENTERING A SUA SPONTE ORDER WITHOUT PARTICIPATION OF DEFENDANT, DEFENSE COUNSEL, OR THE STATE.
>
> POINT II
>
> THE BREATH TEST READINGS WERE NOT PERFORMED CONSISTENT WITH THE MANDATES OF STATE V. CHUN, 194 N.J. 54 (2008) AND THEREFORE SHOULD HAVE BEEN SUPPRESSED.
>
>> A. THE STATE FAILED TO COMPLY WITH THE TWENTY-MINUTE OBSERVATION PERIOD.

## B. THE STATE FAILED TO REMOVE ALL ELECTRONIC DEVICES FROM THE ALCOTEST ROOM PRIOR TO ADMINISTERING THE BREATH TESTING SEQUENCE.

We review trial court rulings regarding the applicability, validity, or interpretation of laws, statutes, or rules de novo. State v. Dickerson, 232 N.J. 2, 17 (2018). "[W]e are not bound by the trial court's application of the law, even on questions involving interpretation of court rules." State v. Bradley, 420 N.J. Super. 138, 141 (App. Div. 2011) (citing Wash. Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560 (App. Div. 2010)).

A defendant convicted in municipal court "may appeal . . . to the Law Division and is entitled to a trial de novo." State v. Roberston, 228 N.J. 138, 147 (2017) (citing R. 3:23-1 to -9). Although technically designated as an appeal, the de novo proceeding in the Law Division is more akin to a trial than an appeal. "At a trial de novo, the court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings." Ibid. "[T]he trial judge giv[es] due, although not necessarily controlling, regard to the opportunity of the municipal court judge to assess the credibility of the witnesses." Id. at 148 (quotation omitted) (alteration in original). "Once again, the State must carry the burden of proof . . . beyond a reasonable doubt." Ibid. If the court finds the defendant guilty, the court must, as part of

the trial de novo, sentence the defendant anew as provided by law unconstrained by the sentence imposed in the municipal court.[2] R. 3:23-8(e).

Rules 3:23-1 to -9 govern municipal court appeals to the Law Division and unambiguously mandate the court schedule and conduct a hearing. Rule 3:23-4(b), "Docketing; Hearing Date[,]" requires:

> [u]pon the filing of a copy of the notice of appeal, . . . the criminal division manager's office shall docket the appeal and shall . . . fix a date for the hearing of the appeal and mail written notice thereof to the prosecuting attorney and the appellant, or, if the appellant is represented, the appellant's attorney.
>
> (emphasis added).

Rule 3:23-8, "Hearing on Appeal[,]" provides "[b]riefs shall be required only if questions of law are involved on the appeal or if ordered by the court and shall be filed and served prior to the date fixed for hearing . . . ." R. 3:23-8(b) (emphasis added). Rule 3:23-8(c) provides the "court may, during or before the hearing of the appeal, amend the complaint . . . ." (emphasis added). Rule 3:23-8(f) instructs "[t]he prosecuting attorney shall appear and

---

[2]  The Law Division did not address defendants' convictions for careless driving and Quashie's conviction for failure to maintain lamps because the municipal court judge merged those charges with defendants' DWI convictions and Jang's conviction for refusal to submit to a breath test.  Merger is a function of sentencing following conviction.  On remand, the court must determine whether the State proved defendants committed each of the charged offenses and, when imposing sentence, determine if any of the offenses should merge.

8

act on behalf of the respondent <u>at the hearing</u>." (emphasis added). To date, there are no published opinions construing these Rule provisions.

In these consolidated cases, the court did not schedule and conduct hearings, as required by the Rules. The court erred by finding it is incumbent on counsel to request argument. Likewise, the court incorrectly determined it is not expected to solicit argument as a matter of course. That is precisely what the Rules require. The Rules provide, without exception, that upon the proper filing of a notice of municipal appeal, the criminal division manager <u>shall</u> fix a date for the hearing of the appeal and mail written notice thereof to the parties. <u>R.</u> 3:23-4(b). There is no requirement that counsel request a hearing. The court erred by failing to schedule and conduct hearings in these cases.

We are not persuaded by the court's contention that defendants were offered a hearing on the trial de novo after the court ruled on their appeals. It was entirely reasonable for defendants to reject that offer under the facts and circumstances of these cases. Although a trial de novo is based primarily on the municipal court record, the Law Division is required to decide the case completely anew, determine whether the State proved its case beyond a reasonable doubt, and impose sentence. The defendants are entitled to a trial de novo conducted by a judge who has not already decided the case.

9                                                                      <span>A-2054-22</span>

The court is, of course, vested with great discretion to exercise control over the proceedings.  See, e.g., State v. Williamson, 125 N.J. Super. 218, 219 (App. Div. 1973) (concluding it was not an abuse of discretion to limit argument to fifteen minutes per party); see also N.J.R.E. 611(a).  However, "[t]hat discretion . . . includes the obligation to ensure a litigant's point of view is heard."  State v. Finneman, 458 N.J. Super. 383, 390 (App. Div. 2019).  Failing "to allow defendant the opportunity to be heard about the merits of [the] case" represents "a mistaken application of a judge's discretion to control [the] courtroom."  Ibid.  In these cases, the court precluded defendants from arguing the merits of their cases and thereby deprived them of any meaningful opportunity to be heard.  The court misapplied its discretion by doing so.

We also conclude, if the court again determines briefs are not required, the court should nonetheless permit the parties to file briefs setting forth their positions on appeal.  Rule 3:23-8(b) provides "[b]riefs shall be required only if questions of law are involved on the appeal or if ordered by the court . . . ."  The Rule addresses when briefs are required; it does not prohibit the filing of briefs absent a court order.  Based on the arguments raised before us in these consolidated appeals, it would be appropriate to permit, if not require, the parties to file briefs prior to the hearing date.

Because we are remanding these cases for trial de novo, we do not address Quashie's remaining arguments. By doing so, we do not express any opinion on the merits of those arguments.

Considering the history of these cases, the Presiding Judge of the Criminal Part shall assign these municipal appeals to a different judge for disposition to avoid any appearance of bias or prejudice. See Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION